IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | | |
|---|---|---|
| Jacquard Merritt | * | 2007 JUL -9 P 2: 57 |
| **Plaintiff,** | * | DEBRA P. HACKETT, CLK |
| | * | U.S. DISTRICT COURT |
| | | MIDDLE DISTRICT ALA |
| VS. | * | 2:07- CV-627-WKW |
| | * | |
| | * | |
| Drug Enforcement Administration, | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## MOTION TO SET ASIDE FORFEITURE
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and

moves this Honorable Court for declaratory and injunctive relief and an Order setting

aside the administrative forfeiture of the Drug Enforcement Administration as well as

releasing and returning to him certain personal property belonging to him unlawfully

seized by the Montgomery, Alabama Police Department which is currently being held by

the Drug Enforcement Administration, to wit: Eight Thousand Dollars ($8,000) in lawful

United States currency. As grounds Plaintiff shows the Court the following:

### JURISDICTION

- Jurisdiction is conferred via 5 U.S.C.A. §706, 28 U.S.C.A. §1331, 21 U.S.C.A.

  §881, 21 U.S.C.A. §877, Fed.R.App.P 15(a) and Rule 41(g) of the Federal Rules

  of Criminal Procedure, and the Fourth, Fifth and Fourteenth Amendments to the

  United States Constitution.

## **PARTIES**

- Jacquard Merritt is over the age of 18 years and a citizen of Montgomery, Alabama. He is the claimant of $8,000.00 of illegally seized funds.

- Drug Enforcement Administration, hereinafter "DEA", is a creation of the Executive Branch of the United States of America with powers derived from the Legislative Branch of the United States of America subject to the jurisdiction of the Courts of the United States of America.

- All events occurred in the City of Montgomery, Montgomery County Alabama.

## **FACTS**

1.    On or about July 28, 2006, the Montgomery Police Department seized approximately Eight Thousand Dollars ($8,000.00) in lawful cash, coin, or currency of the United States of America, the property of the plaintiff/claimant Jacquard Merritt.

2.    The plaintiff was lawfully traveling on the city streets of Montgomery, Alabama and lawfully carrying United States currency and conducting himself in a lawful manner when Montgomery Police Officers stopped him without reasonable suspicion of criminal activity and arrested him without probable cause of committing a crime.

3.    The plaintiff was ordered out of his vehicle and frisked whereupon officers discovered his money. He was not charged with a controlled substance crime by any state agency or federal agency, yet he was taken to the Montgomery Police Department for interrogation. Upon arriving at

2

the police station and discovering no evidence of a controlled substance

crime, officers performed a background check for warrants and discovered

two outstanding misdemeanor Domestic Violence warrants. The

defendant was served with those warrants and transported to the

Montgomery County Detention Facility for processing.

4.    Mr. Merritt went to the Montgomery Police to retrieve his money

whereupon he was threatened by Montgomery police officer T.D. James

with a " conspiracy charge" if he continued his inquiries.

5.    On or about August 21, 2006, the plaintiff/claimant filed an in rem or

*quasi* in rem action in the Circuit Court of Montgomery County, Alabama,

CV-06-2215, to force the City of Montgomery to show cause why the

plaintiff's funds were subject to forfeiture under Code of Alabama, 1975

Section 20-2-93. See Exhibit A.

6.    After discovering that there was no lawful reason to detain the defendant's

cash, Montgomery Police Officers funneled the seized currency to the

United States Drug Enforcement Administration for forfeiture purposes to

deliberately frustrate the plaintiff/claimant because the Montgomery

Police Department had no probable cause to seize the defendant's money.

7.    On September 8, 2006, the United States Marshal took possession of the

plaintiff's money.  See Exhibit B.

8.    On October 25, 2006, the undersigned filed a claim with the Asset

Forfeiture Counsel of the Department of Justice, claiming the res and

notifying the DEA of the existing in rem action in state court involving the same res. See Exhibit D.

9. On December 13, 2006, Montgomery County Circuit Court Judge Eugene Reese ordered that the defendant City of Montgomery file a condemnation action within 30 days or return the plaintiff his property. See Exhibit G1.

10. On December 13, 2006, the City of Montgomery removed the action to the United States District Court for the Middle District of Alabama See 2:06-cv-1105.

11. On or about March 27, 2007, federal jurisdiction was declined because according to the court, the matter was concluded and thus not removable and the case was remanded back to the Circuit Court of Montgomery County, Alabama. See Exhibit C.

12. On January 30, 2007, the Drug Enforcement Administration administratively forfeited the plaintiff's money. See Exhibit 3.

13. The Drug Enforcement Administration was without jurisdiction to administratively forfeit the seized property because the Circuit Court of Montgomery County, Alabama had already exercised jurisdiction over the res (CV-06-2215) pursuant to state statute and state case law, and to the exclusion of all other courts and agencies pursuant to Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386 79 L.Ed. 850 (1935); Scarabin v. DEA 966 F.2d 989, 993(5th Cir. 1992).

14. The Drug Enforcement Administration is in illegal possession of the funds as the City of Montgomery had no lawful authority to transfer the seized

4

funds to the DEA under the statute which the funds were seized. The funds were not seized on behalf of the DEA or any other federal agency, or at the request of the DEA or any other federal agency, nor in conjunction with the DEA or any other federal agency.

15.    From the date of the seizure of the money until the present time there have been no charges filed against the plaintiff by the United States of America connecting him with a drug transaction in which the money seized from his person was the proceeds, or a charge where the money was intended to be used in a drug transaction, i.e. a controlled buy.

16.    The claimant has not engaged in any conduct which would invoke the jurisdiction of The United States of America or its agents to continue to detain the defendant's money. Such detention is an unlawful conversion and interferes with the claimant's right of dominion over and use of the money and thereby deprives him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

17.    The claimant is the lawful and equitable owner of the money made the subject of this proceeding. The claimant has informed the Drug Enforcement Administration of this fact via telephone and written communiqué.

18.    Although the claimant has continued to lay claim to the money, it remains in the custody of the United States of America Drug Enforcement Administration, therefore interfering with and preventing claimant's right

5

of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

19.     The plaintiff has demanded that the defendant return his property in person and through his attorney of record and such demands have been refused.

20.     The plaintiff categorically denies any and all assertions by the defendants that the seized money was used or was intended to be used in a manner prohibited by Title 28 U.S.C.A. 881(a)(6).  Such assertions are not meritorious and are not supported by facts amounting to probable cause.

## DEMAND FOR JUDGMENT

Plaintiff demands judgment under the following terms:

1.     Declaration that the Drug Enforcement Administration is without jurisdiction to conduct administrative forfeiture proceedings over the res and;

2.     Mandatory injunctive relief requiring the defendants to immediately restore the defendant his property and;

3.     Costs, and;

4.     Such other relief as the Court may deem appropriate, the premises considered.

6

Wherefore, claimant prays that this Court conduct a hearing on this matter and after the hearing enter its Order restoring all rights to and possession of the money to the claimant.

Joe M. Reed
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I herby certify that the following was served on

The Honorable Leura Garret,
United States Attorney for the Middle District of Alabama,
1 Court Square
Montgomery, Alabama 36104

The Honorable Alberto Gonzalez
Attorney General for the United States of America
United States Department of Justice
Room B-103
950 Pennsylvania Ave.
Washington, D.C. 20530-0001

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama 36116

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, Virginia 22301.

By certified mail, return receipt.

Joe M. Reed

## IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY

JACQUARD MERRITT                              *

        Plaintiff,                     *

V.                                            *     CV- _06-2215-R_

CITY OF MONTGOMERY,                           *

ARTHUR BAYLOR, Chief of Police,               *

individually and officially,                  *

T.D. JAMES, individually, and officially, *

HENRY DAVIS, individually, and officially,

Unnamed Montgomery Police Officers,           *

individually and officially.                  *

        Defendants.                    *

**EXHIBIT**
*A*

### TEMPORARY RESTRAINING ORDER AND
### MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

The claimant/plaintiff, Jacquard Merritt, by and through the undersigned, moves this

court for a Temporary Restraining Order releasing and returning to him certain personal

property to wit: eight thousand dollars ($8,000.00) belonging to him and seized by the

City of Montgomery Police Department, or its agents. As grounds for this the claimant

shows the Court the following:

<div align="center">Verification</div>

Montgomery County                    )
State of Alabama,                    )

Before me, Kevin Snyder, A notary public, in and for said count and state, personally
appeared Joe M. Reed, attorney for the above-named plaintiff, who being first by me duly
sworn doth depose and say that the facts stated in said Petition, and those facts set forth
herein are true:

ELECTRONICALLY FILED
4/25/2007 4:22 PM
CV-2006-002215.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY, COUNTY ALABAMA

JACQUARD MERRITT,                )
                                 )
        Plaintiff,               )    CV-06-2215
                                 )
CITY OF MONTGOMERY, et al.,      )
et al.,                          )
                                 )
        Defendants.              )

EXHIBIT
B

<u>AFFIDAVIT OF KAREN A. CHAVERS</u>

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY        )

Before me, a Notary Public in and for said State and County, personally appeared **Karen A. Chavers** and, after first being duly sworn by me, did depose and state as follows:

My name is Karen A. Chavers and I am over nineteen (19) years of age. I am currently employed as a Seizure and Forfeiture Specialist for the United States Marshals Service for the Middle District of Alabama.

The $8000.00 seized by the DEA in reference to, Case Number KI-06-0058, was taken into custody by the U.S. Marshals Service on September 6, 2006. My review of the record of the status inquiry for Case No. KI-06-0058 reflects that on September 20, 2006, Joe Reed, Esq. was sent notification of the pending forfeiture by certified mail and the return receipt date was 9/29/06 with a claim deadline date of 10/25/06. Additionally, the record indicates that a response to the claim was filed on 10/30/06 and subsequently denied as untimely.

The funds were forfeited on January 30, 2007 and were deposited to the Asset Forfeiture Fund on January 30, 2007. Equitable Sharing has not been completed in this case, as it is still pending the sharing decision at DEA headquarters.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

_Karen A. Chavers_
Karen A. Chavers

**SWORN to and SUBSCRIBED** before me this the 25th day of April, 2007.,

Notary Public

My commission expires  10/16/09

EWR

# IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA
## 15TH JUDICIAL CIRCUIT

Jacquard Merritt                         *

     Plaintiff,                     *

VS.                                      *          CV-06-2215

                                         *

                                         *

City of Montgomery, et al.,              *

                                         *

    DEFENDANTS.                    *

                                         *

## AMENDED COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and moves this Honorable Court for declaratory and injunctive relief and an Order releasing and returning to him certain personal property belonging to him unlawfully seized by the Montgomery, Alabama Police Department which is currently being held by the United States of America or its agent, the Drug Enforcement Administration, to wit: Eight Thousand Dollars ($8,000) in lawful United States currency.  As grounds Plaintiff shows the Court the following:

## JURISDICTION

Jurisdiction is conferred via 42 U.S.C.A. §1983

## PARTIES

    City of Montgomery is a municipality created by and recognized by the

legislature of the State of Alabama.  Plaintiff avers that the City of Montgomery

EXHIBIT
G1

12/15/06 DEFENDANT ORDERED TO RETURN MONEY TO PETITIONER WITHIN 30 DAYS, UNLESS CONDEMNATION OR FORFEITURE PROCEEDINGS ARE FILED. CASE DISMISSED.

cc: Joe Reed

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUARD MERRITT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-1105-MEF-WC |
| | ) | |
| THE CITY OF MONTGOMERY, *et al.,* | ) | (WO) |
| | ) | |
| DEFENDANTS. | ) | |

**EXHIBIT**

tabbies®

_____

## ORDER

By its terms, 28 U.S.C. § 1441(a) requires that an action be pending to be removable.

Defendants removed this action after the state court entered an order dismissing it. Because

this action was improperly removed, it must be remanded as Plaintiff has requested.

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's request for remand of this case (Doc. # 10) is GRANTED.

2. This cause is hereby REMANDED to the Circuit Court of Montgomery County,

Alabama.

3. The Clerk of the Court is DIRECTED to take all steps necessary to effect this

remand and close this Court's file.

4. Any pending motions shall be left for resolution by the Circuit Court of

Montgomery County, Alabama.

DONE this the 27th day of March, 2007.

_____ /s/ Mark E. Fuller _____
CHIEF UNITED STATES DISTRICT JUDGE


04/26/2007  13:29    2053211301                    BIRMINGHAM RO

ELECTRONICALLY FILED
4/26/2007 4:56 PM
CV-2006-002215.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK



**U. S. Departm**
Drug Enforcement

---

Asset ID: 06-DBA-471966     Case #: K1-06-0058
Asset Description: $8,000.00 U.S. Currency
Seizure Date: 07/28/2006     Seizure Value: $8000.00
Adoption Date: 08/23/2006
Seizure Place: Montgomery, AL
Owner Name: Jacquard Merritt
Seized From: Jacquard Merritt
Judicial District: Middle District of Alabama

## DECLARATION OF FORFEITURE

The above-described property has been seized by agents of the **DRUG ENFORCEMENT**

**ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to

all known parties who may have a legal or possessory interest in the property. Also, in accordance

with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed

for the property within 30 days from the date of last publication of the advertisement. On this date,

I have examined this matter, and found that there was sufficient information to support the forfeiture

of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United

States pursuant to 19 U.S.C. Section 1609.

John J. Cipriani
Senior Attorney
Asset Forfeiture Section

January 30, 2007

Date

**EXHIBIT**
3



# Faulk & Reed LLP

ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36104
Telephone: (334) 834-2000
Facsimile: (334) 834-2088

Winn Faulk
Joe M. Reed

October 25, 2006

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQ's Forfeiture Response
P.O. Box 1475
Quantico, VA  22134-1475



EXHIBIT
D

RE: Asset ID#'s 06-DEA-471966

To Whom It May Concern:

Enclosed you will find documentation claiming certain property held by the United States
Department of Justice, Drug Enforcement Administration under asset ID# 06-DEA-471966 .
This communiqué is the claim pursuant to 18 U.S.C. 983, to contest the impending forfeiture
action as well as request remission of the forfeiture.

There is currently an action already pending regarding the seized funds in the Circuit Court of
Montgomery County which has jurisdiction of the matter given the fact that the parties who
initially seized the funds currently held by the DEA were police officers employed by the city of
Montgomery, Alabama.  No drug charges of any sort were filed against the claimant prior to or
since the seizure of his cash.  Such action was filed on August 21, 2006, a copy of which is
included.

Moreover, the funds are not subject to forfeiture under Title 21 U.S.C. 881 because the money
was not used or acquired as a result of a violation of the Controlled Substances Act (21 U.S.C.
881) as the defendant was not arrested for a violation of the Controlled Substances Act, or an
attempt to violate the act, or a conspiracy to violate the act in connection with the seized funds by
any state, local or federal agency.  Therefore, the claimant is requesting remission of the seized
funds and demands its immediate return.

Sincerely,

Joe M. Reed
Attorney for Claimant Jacquard Merritt
Enclosure