IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Jacquard Merritt,                        )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )        CASE NO. 2:07cv627-WKW
                                         )
Drug Enforcement Administration          )
                                         )
        Defendant.                       )

MEMORANDUM BRIEF

## I. INTRODUCTION

On July 12, 2007, Jacquard Merritt, through his attorney Joe Reed, filed a Motion to Set Aside Forfeiture and Motion for Release and Return of Seized Property.  The Complaint alleges, *inter alia*, that the Montgomery, Alabama, Police Department illegally seized $8,000.00 in United States currency and that the Drug Enforcement Administration (hereinafter, "DEA") illegally adopted the currency for federal forfeiture.  Plaintiff alleges violation of federal statutes and violations arising from the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## II. STATEMENT OF FACTS

On August 21, 2006, Merritt, through his attorney Joe Reed, filed a Temporary Restraining Order and Motion for Release and Return of Seized Money in the Circuit Court of Montgomery County, Case Number CV-06-2215-R (See Exhibit 8, Declaration of John Hieronymus).  The suit was filed against the City of Montgomery, Arthur Baylor, T. D. James, Henry Davis, and others officially and

individually and alleged various violations of the Alabama Constitution and the United States Constitution. DEA was not named as a party to this action nor was DEA served with the Complaint. The Complaint only lists individuals and does not name the seized currency as a defendant or otherwise assert specific or in rem jurisdiction over the currency. On November 8, 2006, Merritt amended this suit to show jurisdiction predicated solely upon 42 U.S.C. § 1983. Again, the seized currency was not named or jurisdiction over it invoked.

On August 23, 2006, DEA adopted this seizure for federal forfeiture because the investigation revealed probable cause to believe that the seized currency was furnished or was intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 881(a)(6). DEA then sent a Certified Notice of Seizure Letter to Merritt at two Montgomery addresses and to his counsel's office (c/o Joe Reed, Jr., Esquire at Mr. Reed's office). DEA received the acknowledgment from one Montgomery address and Mr. Reed's office. DEA also caused to be published in The Wall Street Journal, once a week for three consecutive weeks, notice of DEA's intent to forfeit this asset. (See Exhibits 1 through 7, Declaration of John Hieronymus). The Notice of Seizure letter clearly indicated the procedure for filing a valid claim and the time deadline (October 25, 2006) for submitting a valid claim.

On October 31, 2006, DEA received a letter from Mr. Reed. (See Exhibit 8, Declaration of John Hieronymus).  On November 8, 2006, DEA returned this letter as untimely. (See Exhibit 9, Declaration of John Hieronymus).  On January 30, 2007, the currency was declared as forfeited. (See Exhibit 11, Declaration of John Hieronymus).

On July 9, 2007, Merritt filed this case with the United States District Court for the Middle District of Alabama, Northern Division.

### III. ARGUMENT

DEA asserts that the matter should be dismissed in that the plaintiffs are attempting to circumvent the administrative forfeiture process by filing a Complaint with the United States District Court thereby collaterally attacking the seizure instead of following the rules established for administrative forfeitures.

**A.   Lack of Jurisdiction Over Fourth Amendment Issues.**

The district court does not have jurisdiction to review the merits of a properly executed administrative forfeiture.  A district court's jurisdiction is limited under 28 U.S.C. § 1331 to a review of adequacy of the notice. This jurisdiction does not include a Fourth Amendment objection to the legality of a seizure that the plaintiff could have raised had he filed a claim.  United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).  See also United States v. Schiavo, 897 F.Supp. 644, 647 (D. Mass. 1995),

<u>Valderrama v. United States</u>, 417 F.3d 1189 (11th Cir. 2005).

**B.    Federal Administrative Forfeiture Proceedings Against the Seized Properties Pursuant to 21 U.S.C. § 881 Were Procedurally Proper and Met All Statutory and Regulatory Requisites.**

This case does not present any statutory or regulatory procedural defects.  The seizure was adopted by DEA after it was first determined that sufficient drug-related probable cause existed to subject the money to federal forfeiture proceedings. <u>See</u> 21 U.S.C. § 881(a)(6).  Adoption of the seizure by an authorized agency of the United States has the same effect as if the seizure had originally been made by the United States.  <u>United States v. One Ford Coupe</u>, 272 U.S. 321 (1926); <u>Madewell v. Downs</u>, 68 F.3d 1030, 1037, (8th Cir. 1995); <u>United States v. Winston-Salem/Forsyth County Bd. Of Educ.</u>, 902 F.2d 267 (4th Cir. 1990).  Adoptive forfeitures are a specifically recognized exception to the seizure warrant requirement in section 18 U.S.C. § 981(b).

DEA timely and properly initiated the federal forfeiture proceedings against the seized property.  <u>See</u> 21 U.S.C. § 1607 and 21 C.F.R. § 1316.77(a).  DEA sent written notices of seizure to the only known party having an interest in the property, including his legal counsel.  <u>See</u> 19 U.S.C. § 1607(a).  Further, notice of each seizure was published in <u>The Wall Street Journal</u>, a newspaper of general circulation in the Middle District of Alabama, on three consecutive Mondays.  <u>See</u> 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.74, 19 C.F.R. § 162.47(e).  Each written notice provided detailed

information regarding the procedures for contesting the forfeiture either judicially or administratively. See 28 C.F.R. §§ 9.1-9.7. When Merritt failed to submit a timely valid claim to DEA, the property was administratively forfeited to the United States. See 19 U.S.C. § 1609; 21 C.F.R. § 1316.77.

A district court lacks subject matter jurisdiction over challenges to the legitimacy of a forfeiture proceeding and cannot review the merits of an administrative forfeiture. Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005); see also Green, et al. v. DEA, Civil Action No. 2:07cv416-WHA, Middle District of Alabama; August 17, 2007. (Copy attached). "The overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 480 (2nd Cir. 1992). See Linarez v. U.S. Department of Justice, 2 F.3d 208, 211-212 (7th Cir. 1993)(once a federal agency initiates an administrative forfeiture proceeding under 19 U.S.C. § 1607, the federal court is divested of jurisdiction unless an interested party files a proper and timely claim and cost bond or affidavit of indigency). Toure v. United States, 24 F.3d 444 (2nd Cir. 1994)(court's jurisdiction is limited to reviewing the adequacy of the notice). United States v. Eubanks, 169 F.3d 672 (11th Cir. 1999)("[i]t is inappropriate for a court to exercise equitable jurisdiction to review the merits of

a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law.") See also United States v. Castro, 883 F.2d 1018, 1019-20 (11th Cir. 1989); United States v. $83,310.78 in United States Currency, 851 F.2d 1213, 1235 (9th Cir. 1988); In Re Harper, 835 F.2d 1273, 1274-1275 (8th Cir. 1988); Willis v. United States, 787 F.2d 1089, 1094 (7th Cir. 1986).

By filing a complaint in the United States District Court, Merritt is attempting to bypass DEA's administrative forfeiture proceedings and negate the fact that he failed to timely contest the forfeiture. This attempt fails, however, to confer jurisdiction on the Court. See Willis, 787 F.2d at 1094. See also Shockley v. Jones, 823 F.2d 1068, 1070 n.1 (7th Cir. 1987).

**C.     In Rem Jurisdiction**

It is well established that only one court may have jurisdiction over the res at a time; the first court to obtain jurisdiction maintains it until it is relinquished. Madewell v. Downs, 68 F.3d 1030, 1041 n. 13 (8th Cir. 1995); In Re Seizure of Approximately 28 Grams of Marijuana, 278 F. Supp. 2d 1097, 1101 (N.D. Cal. 2003); Cole v. United States (In re United States Currency $844,520.00), 136 F.3d 581 (1998) disallowing a collateral attack on a completed administrative forfeiture. The "general rule that for 'proceedings in rem or quasi in rem...the state or federal court having custody of the...property has exclusive jurisdiction

6

to proceed.'" <u>Lankenau v. Coggeshall & Hicks</u>, 350 F.2d 61, 64 (2nd Cir. 1965) (quoting <u>Donovan v. City of Dallas</u>, 377 U.S. 408, 412, L.Ed.2d 409, 84 S.Ct. 1579 (1964)).

In the action commenced by the plaintiff in State court, the plaintiff failed to include the contested currency in the caption of the Complaint and he filed suit against a municipality and individuals alleging an unlawful seizure of the currency. The relief sought was declaratory and injunctive against the named defendants clearly showing that the jurisdiction obtained in the action was <u>in</u> <u>personum</u>, not <u>in</u> <u>rem</u>. The plaintiff did not file suit against the currency or specifically seek jurisdiction over it and the State Court did not have <u>in</u> <u>rem</u> jurisdiction.

**D.    18 U.S.C. § 983(e) Is The Exclusive Remedy To Seek To Set Aside A Declaration Of Forfeiture.**

As shown above, the property at issue has been declared forfeited by the DEA.

> A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

18 U.S.C. § 983(e)(5).

The complaint filed with this Court does not comply with the requirements of 18 U.S.C. § 983. As this is the exclusive remedy available, the complaint should be dismissed. <u>See</u> <u>also</u> <u>Valderrama</u>, 417 F.3d at 1195. (Claimant may only seek relief under 18 U.S.C. §

7

983 when the government has failed to comply with notice under the statute; claimant may not challenge the forfeitability of the property in administrative actions filed after August 23, 2000.)

**E.  Plaintiff May Not Seek Equitable Relief.**

A court should not exercise equitable jurisdiction over the merits of a forfeiture action where an adequate remedy at law is available and a plaintiff fails to avail himself of the remedy. <u>Valderrama</u>, 417 F.3d at 1197; <u>United States v. Eubanks</u>, 169 F.3d 672 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Green v. DEA, et al.</u>, Civil Action No. 2:07cv416-WHA, Middle District of Alabama; August 17, 2007.

## IV.  CONCLUSION

For the above stated reasons, DEA submits that the civil complaint in this matter must be dismissed, or in the alternative, summary judgment be entered in favor of the Government.

Respectfully submitted this 5th day of September, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2007, I electronically filed the foregoing Memorandum Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joe M. Reed.**


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF ALABAMA


| | | |
|---|---|---|
| JACQUARD MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cv-627-WKW |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |


DECLARATION OF JOHN HIERONYMUS

1.  I, John Hieronymus, hereby declare that I am the
Forfeiture Counsel of the Drug Enforcement Administration (DEA),
United States Department of Justice, and in that capacity
supervise forfeiture activities within the DEA.

2.  I affirm that, in the course of my official duties as
Forfeiture Counsel of the DEA, I supervise and monitor the
forfeiture activities of DEA field offices and receive reports
and inquiries from those field offices regarding all facets of
forfeiture matters.

1

3.  I declare that material related to the property, which is the subject matter of the above-captioned action, is contained in one (1) file of my office.

4.  The file, captioned as DEA Case No. **KI-06-0058** and Asset Identification (I.D.) No. **06-DEA-471966**, contains the following information:

(a)  DEA Asset I.D. No. **06-DEA-471966** represents $8,000.00 U.S. Currency seized from Jacquard Merritt on July 28, 2006, in Montgomery, Alabama.  On August 23, 2006, the DEA Field Office in Montgomery, Alabama adopted this seizure and subsequently prepared and submitted a forfeiture report to this office.  An attorney or paralegal reviewed this report to determine if the DEA field office provided adequate information to support administrative forfeiture proceedings against the property.  This procedure included a legal review of the evidence that existed to seize the $8,000.00 U.S. Currency.  Based on this thorough review, the DEA accepted this case for administrative forfeiture.

(b)  On September 20, 2006, pursuant to Title 19, United States Code (U.S.C.), Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Jacquard Merritt, 508 Oakbrook Drive, Montgomery, AL 36104 (Exhibit 1).  On September 25, 2006, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 2).

(c)  On September 20, 2006, pursuant to Title 19,

2

U.S.C., Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Jacquard Merritt, Prisoner ID No. NONE, Montgomery City Jail, 320 N. Ripley Street, Montgomery, AL 36104 (Exhibit 3). The U.S. Postal Service returned the notice to DEA stamped "RETURN TO SENDER. NOT AT THIS ADDRESS" (Exhibit 4).

(d)  On September 20, 2006, pursuant to Title 19, U.S.C., Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Jacquard Merritt, c/o Joe Reed Jr./Esq., 524 South Union Street, Montgomery, AL 36104 (Exhibit 5). On September 25, 2006, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 6).

(e)  Pursuant to Title 19, U.S.C., Section 1607(a) and Title 21, Code of Federal Regulations (C.F.R.), Section 1316.75, the seizure of the property was published in THE WALL STREET JOURNAL, a newspaper of general circulation in the Middle District of Alabama (Exhibit 7). The notice was published once each week for three successive weeks: October 9, 16, and 23, 2006. The published and mailed notices explained the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. Pursuant to Title 18, U.S.C., Section 983(a)(2)(B), the published and mailed notices also stated that the deadline to file a claim was October 25, 2006, or if the mailed notice was not received, November 23, 2006. In addition, the published and mailed notices

3

explained the option of filing a petition for remission or
mitigation.

(f)   On October 30, 2006, the DEA received a claim for
seized property and petition for remission or mitigation from
Jacquard Merritt through Joe M. Reed, Esq., Faulk & Reed LLP, 524
South Union Street, Montgomery, AL 36104 (Exhibit 8).

(g)   On November 8, 2006, the DEA rejected the claim
as untimely.  A letter, sent by certified mail, return receipt
requested, notified Jacquard Merritt, c/o Joe M. Reed, Esq.,
Faulk & Reed, L.L.P., Attorneys at Law, 524 South Union Street,
Montgomery, AL 36104, of this decision (Exhibit 9).  On
November 20, 2006, an individual signing in the "Signature"
block accepted delivery of this letter (Exhibit 10).

(h)   On January 30, 2007, after there had not been any
properly executed claim received, and after the time limit for
filing said claim expired, the DEA forfeited the $8,000.00 U.S.
Currency to the United States pursuant to Title 19, U.S.C.,
Section 1609 (Exhibit 11).

(i)   On February 7, 2007, the DEA denied the petition
for remission or mitigation of Jacquard Merritt.  A letter, sent
by certified mail, return receipt requested, notified Joe M.
Reed, Attorney at Law, 524 South Union Street, Montgomery, AL
36104, of this decision and of the option to file a request for
reconsideration of the decision to deny the petition pursuant to
Title 28, C.F.R., Section 9.3(j) (Exhibit 12).  On February 16,
2007, an individual signing in the "Signature" block accepted
delivery of this letter (Exhibit 13).

       (j)   On March 2, 2007, the DEA received a request to reconsider the decision to deny the petition for remission or mitigation of Jacquard Merritt from Winn Faulk, Esq., Faulk & Reed LLP, 524 South Union Street, Montgomery, AL 36104 (Exhibit 14).

       (k)   On May 3, 2007, the DEA denied the request for reconsideration.  A letter, sent by certified mail, return receipt requested, notified Joe M. Reed, Attorney at Law, 524 South Union Street, Montgomery, AL 36104, of this decision (Exhibit 15).  On May 7, 2007, an individual signing in the "Signature" block accepted delivery of this letter (Exhibit 16).

     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

     Executed this   *14th*   day of August 2007.

                                      John Hieronymus
                                    Forfeiture Counsel
                                    Asset Forfeiture Section (OML)
                                    Drug Enforcement Administration
                                    HQs Forfeiture Response
                                    P. O. Box 1475
                                    Quantico, VA  22134-1475

Attachments:  Exhibits 1-16



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Jaquard Merritt
508 Oakbrook Drive
Montgomery, AL 36104

| | |
|---|---|
| Asset Id: | 06-DEA-471966 |
| Case Number: | KI-06-0058 |
| Property: | $8,000.00 U.S. Currency |
| Asset Value: | $8,000.00 |
| Seizure Date: | 08/23/2006 |
| Seizure Place: | Montgomery, AL |
| Owner Name: | Merritt, Jaquard |
| Seized From: | Merritt, Jacquard |
| Judicial District: | Middle District of Alabama |

**NOTICE MAILING DATE:** September 20, 2006

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 25, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301.** A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

**EXHIBIT**

1

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2510 0002 3467 1671

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Asst ID: 06-DEA-471966
Jaquard Merritt
508 Oakbrook Drive
Montgomery, AL 36104

360

06-471966-0010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ V Merritt    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7004 2510 0002 3467 1671

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT**

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Jaquard Merritt , Prisoner ID No. NONE
Montgomery City Jail
320 N. Ripley Street
Montgomery, AL 36104

| Asset Id: | 06-DEA-471966 |
|---|---|
| Case Number: | KI-06-0058 |
| Property: | $8,000.00 U.S. Currency |
| Asset Value: | $8,000.00 |
| Seizure Date: | 08/23/2006 |
| Seizure Place: | Montgomery, AL |
| Owner Name: | Merritt, Jaquard |
| Seized From: | Merritt, Jacquard |
| Judicial District: | Middle District of Alabama |

**NOTICE MAILING DATE:** September 20, 2006

**NOTICE OF SEIZURE**

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

**TO CONTEST THE FORFEITURE**

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 25, 2006.** The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

**WHERE TO FILE CORRESPONDENCE**

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

**EXHIBIT**

tabbies®

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jaquad Merritt, Prisoner ID No. NONE
Montgomery City Jail
320 N. Ripley Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Shelby Bell*   ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 2510 0002 3467 1695

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

06 - 471966 - 0003

7004 2510 0002 3467 1695

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7004 2510 0002 3467 1695

---

CERTIFIED MAIL

7004 2510 0002 3467 1695

---

RETURN TO SENDER

☐ UNKNOWN
☒ NOT AT THIS ADDRESS
☐ NOT ACCEPTABLE
☐ MONTGOMERY CITY JAIL

DOES NOT ACCEPT CORRESPONDENCE
FROM INMATES AT OTHER FACILITIES

---

Forfeiture Counsel
Asset Forfeiture Section, OMA
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

---

**EXHIBIT**

4

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Jaquard Merritt
c/o Joe Reed Jr./Esq.
524 South Union Street
Montgomery, AL 36104

| | |
|---|---|
| Asset Id: | 06-DEA-471966 |
| Case Number: | KI-06-0058 |
| Property: | $8,000.00 U.S. Currency |
| Asset Value: | $8,000.00 |
| Seizure Date: | 08/23/2006 |
| Seizure Place: | Montgomery, AL |
| Owner Name: | Merritt, Jaquard |
| Seized From: | Merritt, Jacquard |
| Judicial District: | Middle District of Alabama |

**NOTICE MAILING DATE:** September 20, 2006

**NOTICE OF SEIZURE**

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

**TO CONTEST THE FORFEITURE**

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 25, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

**WHERE TO FILE CORRESPONDENCE**

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

**EXHIBIT**
tabbies®
5

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7004 2510 0002 3467 1688

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Atl ID:96-DEA-471966
Jaquard Merritt
c/o Joe Reed Jr./Esq.
Law Office of Joe Reed, Jr.
524 South Union Street
Montgomery, AL 36104

06-471966-002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Sheila N. Wood_   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
9/25/06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7004 2510 0002 3467 1688

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

_Ferguson 891_

---

**EXHIBIT**

tabbies®

6

THE WALL STREET JOURNAL.

MONDAY, OCTOBER 9, 2006

◇ **PUBLIC NOTICES** ◇

# LEGAL NOTICE ATTENTION

The Drug Enforcement Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to Title 21, United States Code (U.S.C.) Section 881, because the property was remission or mitigation of the forfeiture with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway Alexandria, Virginia 22301. In addition to or in lieu of petitioning the Forfeiture Counsel of the DEA pursuant to Title 18, U.S.C., Section 983(a), upon the filing of a claim under Title 18, U.S.C. Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during Asset Forfeiture section in Arlington, Virginia. Submission for number of other electronic means will not be accepted. The names of persons or businesses appearing in this notice are not necessarily criminal defendants or suspects.

*[The remainder of this page consists of dense multi-column listings of seized forfeiture property organized by judicial district (e.g., MIDDLE DISTRICT OF ALABAMA, EASTERN DISTRICT OF ARKANSAS, CENTRAL DISTRICT OF CALIFORNIA, DISTRICT OF FLORIDA, etc.), with DEA case numbers, currency amounts, and property descriptions. The fine print is largely illegible.]*

EXHIBIT

7

## ◆ PUBLIC NOTICES ◆

# LEGAL NOTICE
# ATTENTION

The Drug Enforcement Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act. The forfeiture of the property is governed by Title 18, U.S.C., Sections 981 and 983, and Title 19, U.S.C., Sections 1602 – 1619. Any person desiring to claim the property in order to contest the forfeiture of the property must file a petition for remission or mitigation of the forfeiture with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. In addition to, or in lieu of, petitioning for remission or mitigation of the forfeiture, any person claiming an interest in the property may file a claim for court action in accordance with Title 18, U.S.C., Section 983(a). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceedings. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. In addition to, or in lieu of, petitioning for remission or mitigation of the forfeiture, a claimant seeking judicial forfeiture proceedings must file a claim with the Forfeiture Counsel of the DEA pursuant to Title 18, U.S.C., Section 983(a). The filing of a claim alone will not accepted. The names of persons or businesses appearing in this notice are not necessarily criminal defendants or suspects. Asset Forfeiture counsel in Arlington, Virginia. Submission by facsimile or other electronic means will not be accepted.

## ◈ PUBLIC NOTICES ◈

# LEGAL NOTICE ATTENTION

1, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). An owner or lienor may file a petition for remission orfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475, pursuant to Title 19, U.S.C., Section 1618, and the regulations governing the petition process set forth in Title 28, Code of Federal Regulations. Part 9. Correspondence is Highway, Alexandria, Virginia 22301. In addition to, or in lieu of petitioning for remission or mitigation, a person may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT by filing a claim with the Forfeiture uant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. A petition, claim, or other correspondence shall be deemed filed with the Asset Forfeiture Section. when received by 's appearing in this notice are not necessarily criminal defendants or suspects, nor does the appearance of their names in this notice necessarily mean that they are the target of DEA investigations or other activities.

ey Paul. 09/12/06
y. Oak Creek. WI.
y. Milwaukee. WI.
y, Milwaukee. WI,
Bickham. Reginald,
500,
Bickham. Reginald,
li.
ickham. Reginald.
y. Janesville. WI
y. Superior, WI, Price,
chem, Jordan D..
NIA
Motorcycle.
Blake. Byfield Adolph
08/24/06
cy, Miami. FL.
0731339784, Vi
ed. 09/06/06
. Forsyth. GA, Brown,
lvin. 08/31/06
y. Barnesville. GA
08/31/06
3N63413DS43697.
08/18/06
Van.
ncia-Fara. Jesus
AKA Medina.
ue 08/16/06
, College Park, GA
Atlanta GA McDay.
Atlanta GA
Atlanta GA Clinton.
/. LaGange, GA
cy Decatur GA.
Augusta. GA.
up Truck.
teo, Judith Ann and
Barrigada. GU.
Barrigada. GU.
ction TV VL
GU. Mateo, Judith
Wahiawa. HI, Vierra,
Sioux City, IA.
Sioux City, IA
391FL65279. Ford
06
Fort Dodge IA
Litchfield IL.
Peoria IL Mosby
J34X8WZC27733
16 06
e Bauer Edition,
nora Rodolfo.
Mololman IL
isom Adejoke
W8YC127077.
08/16/06
13Z41J189353

Schiller Park, IL. Olea. Antonio, 07/25/06
**06-DEA-472675,** Cashiers Check #3579701 Banco Santander Puerto Rico, VL $10,226.00, Chicago. IL. Rodriguez-Escanellas, Jose 08/31/06
**06-DEA-472745,** $71,600.00 U S Currency, Chicago. IL Owens. Kelvin Duane, 08/30/06
**06-DEA-472833,** $1,220.00 U S. Currency. Schiller Park, IL. Olea, Antonio. 07/25/06

SOUTHERN DISTRICT OF ILLINOIS
**06-DEA-472086,** $90,555.00 U S. Currency. Washington Park, IL. Smith, Jakari Kenyon, 08/23/06
**06-DEA-472154,** $54,500 00 U S Currency. Collinsville, IL. Manilla, Marcellino, 08/30/06

NORTHERN DISTRICT OF INDIANA
**06-DEA-472475,** $4,095.00 U.S Currency, Michigan City. IN, Diggs, Christopher J , 09/06/06

SOUTHERN DISTRICT OF INDIANA
**06-DEA-472386,** Remington Arms Model 592 22 caliber Semi-Automatic Rifle. Ser No B2649167. VL: $60.00, Clinton IN Pruett, Donny, 08/17/06
**06-DEA-472525,** $15,550 00 U S Currency Rockville, IN Swearingen, Jason, 08/25/06
**06-DEA-472699,** $9,177.00 U S. Currency. Seymour, IN, Rose, Richard D . 08/29/06
**06-DEA-472802.** $28,657.00 U S Currency. Japel, IN. Jones, Robert, 08/04/06
**06-DEA-472846,** $11.295 00 U S Currency Terre Haute IN, Rooksberry, Kenneth. 08/31/06

DISTRICT OF KANSAS
Begay, Anthony, 08/16/06
**06-DEA-472250,** $1.730.00 U S Currency. Albuquerque NM. Castillo Miguel A . 08/24/06
**06-DEA-472266,** Kel Tec Model P-11 9MM Semi Automatic Pistol with Mag Ser No No Serial Number. VL $125 00, Albuquerque. NM. Terrazas. Victor, 08/25/06
**06-DEA-472268,** $920 00 U.S Currency. Albuquerque, NM. Castillo. Rigoberto, 08/23/06
**06-DEA-472687**, 2000 Kenworth Tractor. 1XKTDR9X7YJ833519. Alamogordo. NM. Madrid. Jess Felip. 08/30/06
**06-DEA-472694.** 1997 Dorsey Marine Trailer 1DTV11521VA256935, Alamogordo. NM. Madrid. Jess Felip. 08/30/06

DISTRICT OF NEVADA
**06-DEA-472471.** $9,802 00 U S Currency Reno. NV. Caldiero. Vincent Todd. 08/23/06
**06-DEA-472656,** $8 000 00 U S Currency, Reno NV. Vernon, Chaz. 08/25/06
**06-DEA-472808.** $10,000 00 U S Currency Las Vegas. NV Chester. Carl. 08/15/06

NORTHERN DISTRICT OF NEW YORK
**06-DEA-472125.** $5,430 00 U S Currency Dewitt NY. Singletary, Quintard. 08/14/06

SOUTHERN DISTRICT OF NEW YORK
**06-DEA-471813.** Some U S Currency/Euros/Israeli, U S VL $4 140 00, New York. NY, Shireh, Mohamed 07/26/06
**06-DEA-471914.** $83,610 00 U S. Currency Harrison, NY, Alix. Jose R . 08/11/06
**06-DEA-472008.** $3,505 00 U S Currency Middletown. NY. Gonzalez, Juan 08/10/06
**06-DEA-472185.** $11,000 00 U S Currency, New York. NY. Torres Leona, 08/25/06
**06-DEA-472190,** $4,000.00 U S Currency. New York, NY Torres, Leona. 08/25/06
**06-DEA-472200.** $41,400 00 U S Currency. New York. NY Li. Xin Qiang. 08/24/06
**06-DEA-472536.** $4,196 25 U S Currency Middletown NY. Clark. Anthony. 08/10/06

WESTERN DISTRICT OF NEW YORK
**06-DEA-472214,** $14,480.00 U S Currency Rochester. NY, Bezares. Samuel. 08/24/06
**06-DEA-472222.** $7,787.00 U S Currency. Rochester NY. Darby. Fredrick 08 25 06
**06-DEA-472497,** 2003 GMC Yukon Denali, 1GKFK66U83J127695. Buffalo, NY. Edwards Jr . Thomas, 09 06/06

NORTHERN DISTRICT OF OHIO
**06-DEA-471795.** $25,980.00 U S Currency, Lorain. OH. Ruvalcaba-Torrez Noe AKA Ricaba-Torres, Armando AKA Ricaba-Torres Noe AKA Rivera Armando AKA Rivera Armando C AKA Ruvalcaba-Torres Noe AKA Torrez Flavio 08 23/06
**06-DEA-472150.** $8 802 00 U S Currency, Cleveland OH Grigsby, Ernest AKA Grigsby Ernest J AKA Grigsby II, Ernest AKA Grigsby II Ernest J AKA Grigsby Jr , Ernest AKA Grigsby Jr Ernest J AKA Grigsby Jr Ernest James AKA Grigsby Ernest J AKA Grisby, Ernest. 08/16/06
**06-DEA-472219.** 1995 Buick Riviera 1G4GD2218S4706001 Cleveland. OH Grigsby. Ernest AKA Grigsby, Ernest J AKA Grigsby II Ernest AKA Grigsby II Ernest J AKA Grigsby Jr Ernest AKA Grigsby Jr Ernest J. AKA Grigsby Jr., Ernest James AKA Grigsby. Ernest J. AKA Grisby Ernest. 08 16/06
**06-DEA-472288.** $7 450 00 U S Currency. Cleveland, OH. Banos Juan AKA Banos Chacon Juan Carlos AKA Banos Juan C AKA Banos Juan Carlos AKA Chacon Juan Carlos AKA Rodriguez Juan F 08/17/06
**06-DEA-472341,** $6,500.00 U S Currency Cleveland OH Aleman, Jose AKA Shorty, 08 17 06
**06-DEA-472343.** $1 056 00 U S Currency Brookpark OH Aleman, Jose AKA Shorty, 08/17/06
**06-DEA-472392.** $30,595 00 U S Currency. Cleveland OH. Ross Cory AKA Ross Cory D AKA Ross Cory B AKA Ross Cory Brian AKA Ware Cory 08/22/06

SOUTHERN DISTRICT OF OHIO
**06-DEA-472345,** $6,989.00 U S Currency, Columbus, OH, Elmore David Heth AKA Elmore, David AKA Elmore, David Heath AKA Elmore, David Heith, 08/25/06
**06-DEA-472356,** $6288.00 U S Currency, Columbus, OH. Ramirez. Joshua James AKA Ramirez. Josh, 08/25/06

DISTRICT OF OREGON
**06-DEA-472601,** $23,864.00 U.S Currency. Portland. OR. Capitan-Loe, Jose AKA Vivanco-Lopez, Sergio, 08/24/06
**06-DEA-472603,** $8.077.00 U.S Currency. Portland, OR, Farfan-Alvarez. Victor. 08/24/06
**06-DEA-472607,** $5.682.00 U.S. Currency. Portland, OR, Farfan-Alvarez. Ruben. 08/24/06
**06-DEA-472615,** $9,010.00 U.S Currency. Portland, OR, Rodriguez-Ponce, Giselda, 08/31/06
**06-DEA-472630,** $18.000 00 U S. Currency, Portland, OR. Rodriguez-Guzman. Salvadore and Farfan. Aracelr. 08/26/06
**06-DEA-472680,** $1,510.00 U S. Currency. Portland. OR. Farfan-Alvarez, Victor. 08/24/06
**06-DEA-472685.** $1,101 00 U S Currency. Portland. OR, Capitan-Loe, Jose AKA Vivanco-Lopez, Sergio. 08/24/06

EASTERN DISTRICT OF PENNSYLVANIA
**06-OEA-472199.** 1999 Chevrolet Tahoe SUV. 1GNEK13R2XJ365503, Philadelphia. PA, Pena-Nunez Grace, 08 17/06

WESTERN DISTRICT OF PENNSYLVANIA
**06-DEA-472571,** 1985 Buick Regal. 1G4GM47A3FP428388. Pittsburgh, PA. Pinkett, Demond, 09/01/06
**06-DEA-472704,** Kahr 9mm Pistol, Ser No YB5971. VL:
**06-DEA-472667,** Night Owl 3x Night Vision Scope, VL $1 129.00, Ser No None Recorded. Everett. WA. James, Joshua Allen. 09/01/06
**06-DEA-472669.** Canon Photo Printer. VL: $400.00. Ser No unknown. Everett. WA. James. Joshua Allen. 09/01/06
**06-DEA-472723.** Assorted Electronic Equipment. VL $8,910.00. (1) Canon Digital Rebel XT Plus with 3 Lens with 2 Extenders Plus Case, Ser No EF 75-300; (1) Panasonic 42' LCD HD Television, Ser No TH42PD50U, (1) Westinghouse Plasma Monitor 1280X720. Ser No 25666A. (1) Sony DCR DVD 7 Camcorder and Case. Ser No Unk; (1) Samsung LCD Camcorder with case Ser No unk, Everett. WA. James, Joshua Allen, 09/01/06

EASTERN DISTRICT OF WISCONSIN
**06-DEA-472510.** $7,320.00 U S Currency. Milwaukee. WI Jackson, Antionette. 09/05/06
**06-DEA-472684,** $3,875.00 U S Currency. Denmark, WI, Hasseler, Nathan A.. 08/30/06
**06-DEA-472830,** $3,000.00 U.S Currency. Appleton WI, Cisneros. Eric E. 09/01/06
**06-DEA-472832,** 2000 BMW 323 CI Coupe. WBABM3349YJN80798. Appleton. WI, Cisneros. Eric E.. 09/01/06

WESTERN DISTRICT OF WISCONSIN
**06-DEA-471981.** $6,313.00 U S Currency. Waunakee, WI Doth. Savoeun, 08/23/06
**06-DEA-472433.** 2002 Lincoln Continental LS. 1LNHM87A62Y702148, Madison WI, Slair. Emory R , 09/05/06
**06-DEA-472711.** $5,275 00 U S Currency. Belleville. WI. Hicks John H , 09/11/06
**06-DEA-472717.** $8,775 00 U S Currency Belleville WI Collins Donald L., 09 11/06
**06-DEA-472721.** $5 637 00 U S. Currency Madison, WI. Waters. Alecia 09 11 06

SOUTHERN DISTRICT OF WEST VIRGINIA
**06-DEA-472398.** 1993 Mercedes Benz 300. WDBED30E5PB915566. Saint Albans WV Blake Byfield Adolph AKA Blackwell Devon AKA Blake Devon 08/24/06
**06-DEA-472415.** $11 120 00 U S Currency, Saint Albans WV Blake, Byfield Adolph AKA Blackwell, Devon AKA Blake. Devon. 08/24/06

THIRD NOTICE
LAST DATE TO FILE NOVEMBER 23, 2006
PLACE SEIZED. SEIZED FROM. DATE SEIZED

MIDDLE DISTRICT OF ALABAMA
**06-DEA-471680.** $5,152.00 U S Currency Montgomery, AL Jones Harry Edward. 08/08/06
**06-DEA-471966.** $8,000 00 U S Currency, Montgomery, AL. Merritt. Jacquard 08/23/06
**06-DEA-472249.** $5,370 00 U S Currency Montgomery AL Davidson, Cedric Lee 08/24/06
**06-DEA-472484.** $15,700 00 U S Currency, Montgomery AL Morris Sylvester 08 28/06
**06-DEA-472511.** $5,000 00 U S Currency, Montgomery, AL Hartwell, Phillip 08 30 06

NORTHERN DISTRICT OF ALABAMA
**06-DEA-471955.** $4 340 00 U S Currency Jasper. AL Garner Charles, 08 23/06
**06-DEA-472071.** $13 024 40 U S Currency, Bessemer AL Abdullahe. Jamal, 08/23 06
**06-DEA-472342.** 1998 Ford Explorer 1FMZU32E7WZB76646. Hoover. AL Romero Ricardo. 08/22/06

EASTERN DISTRICT OF ARKANSAS
**06-DEA-472141.** 1998 Lincoln Navigator. 5LMPU28L1WLJ61700 Jacksonville AR Ellis Lavar, 08 24 06

WESTERN DISTRICT OF ARKANSAS
**06-DEA-472425.** $32 000 00 U S Currency, Fayetteville, AR. Hodge, David 08 31/06

DISTRICT OF ARIZONA
**06-DEA-471042.** $73 178.35 U S Currency in lieu of 11013 W Palm Lane Avondale, AZ Medina, Leticia 07 11 06
**06-DEA-472072.** (2) Assorted Weapons VL $285 00 (1) Remington Rifle Model 7400, .270 Caliber, Ser No B8449604; (1) Ruger Revolver 22 Caliber New Model Single-Six, Ser No 68-01230, Phoenix. AZ, Rochin-Barrza. Dora 08/22/06
**06-DEA-472102.** $70.200.00 U S Currency, Phoenix, AZ, Rochin-Barrza, Dora, 08/22/06
**06-DEA-472103,** 2002 Cadillac Escalade. 1GYEK63N22R103214, Phoenix. AZ Chavez-Burgos, Blanca Estela AKA Chavez Blanca Estela, 08/22/06
**06-DEA-472105,** 2006 Dodge Charger R/T. 2B3KA53H76H222920, Phoenix, AZ. Chavez-Burgos, Blanca Estela AKA Chavez, Blanca Estela. 08/22/06
**06-DEA-472107,** Ruger P94 40 Caliber Semi-Automatic Pistol, Ser No 34134848. VL. $185.00. Phoenix, AZ, Valdenegro, Imelda Guadalupe. 08/11/06
**06-DEA-472202,** Springfield Armory PX-40 Handgun with two Magazines and Holster. Ser No US 471361, VL: $50.00. Tucson. AZ, De La Riva. Manuel Abelardo, 08/18/06

CENTRAL DISTRICT OF CALIFORNIA
**06-DEA-471982,** 2001 Mercedes S55 AMG, WDBNG73J01A204600, Costa Mesa. CA, Torres, Eliphelet. 08/17/06
**06-DEA-471985,** Washington Mutual Bank, Account #0934703580. VL $6,000 00. Hawthorne. CA. Wright, Lloyd Garfield, 08/17/06
**06-DEA-471986,** 2007 Cadillac Escalade AWD SUV, 1GYFK63847R154705, Santa Ana, CA Barajas Torres. Elodia, 08/17/06
**06-DEA-471989,** 2006 Mercedes S600, WDBNG76J06A461551, Costa Mesa, CA. Torres, Eliphelet, Joshua Andrew, 08/22/06
**06-DEA-472018.** 2002 Ford Explorer 1FMZU62E92UA58011. Arvada CO Garcia. Abel Alejandro Ramirez AKA David AKA Castro-Garcia Ulises, 08/15/06

DISTRICT OF COLUMBIA
**06-DEA-472035,** $23 980 00 U S. Currency, Washington DC. Parker Jr., John. 08/21/06

MIDDLE DISTRICT OF FLORIDA
**06-DEA-472070,** HP Pavilion DV1000. Ser No CNF51407LV. VL $1,299.99. Orlando, FL, Paquet, Yann Gwenael, 08/11/06
**06-DEA-472089.** (4) Miscellaneous Electronic Equipment, VL. $3 842.00, (1) Polaroid FLM-373B 37" LCD, Ser No DC60018194000271 2 (1) Ilo 26" High Definition TV. Ser No BHC61233153T5; (1) Ilo 32" Widescreen LCD HDTV Ser No BEH62130033T4, (1) HP Compaq Presario Notebook V2575US CTO V2000, Ser No CNF541294B, Orlando. FL Matro Jr Santiago and Moss. Abraham and Tubbs. Bobby Jaymon, 08/03/06
**06-DEA-472337,** $4,280.00 U.S Currency Orlando. FL, Sierra-Calv Christian 08/23/06
**06-DEA-472339.** 1992 Chevrolet Corvette Coupe 1G1YY23P5N5116667. Orlando, FL. Reyes. David 08/23/06

NORTHERN DISTRICT OF FLORIDA
**06-DEA-471973,** $40,625 00 U S. Currency, Marianna FL. Elizondo, Rene Melquizo and Lopez, Steven Paul and Rodriguez Vincent Steve 08/20/08
**06-DEA-472243,** 1997 Toyota Camry XLE. 4T1BG22K4VU798710, Tallahassee. FL. Bennett III Richard, 08/25/06

SOUTHERN DISTRICT OF FLORIDA
**06-DEA-461589,** 2000 41 Silverton Yacht Vessel "Jennyfer", Ser No STN00248800037C, Miami. FL. Boyer. Andre Alex. 12/26/05
**06-DEA-471278,** $7,795 00 U S. Currency Miami, FL, Dang, Huy Hoang. 08 02 06
**06-DEA-472380,** 2000 Mercedes-Benz S-500. WDBNG75J1YA041449, Miami, FL. Tran. Phong Thanh. 08/02/06

MIDDLE DISTRICT OF GEORGIA
**06-DEA-472067.** $174,880 00 U S. Currency, Valdosta, GA. Puebo, Abdiel Amir and Silva-Martinez, Roberto Enrique AKA Andujar Christian Roberto, 08/09/06
**06-DEA-472278,** 2000 Nissan Frontier. 1N6ED26Y8YC360014. Valdosta, GA Dominguez Jose Isabel Penaloza, 08/21/06
**06-DEA-472428.** $8,641 90 U S Currency. Byron. GA, Thomas. Eugene William AKA James Jr., Robert Lee 08 30/06

NORTHERN DISTRICT OF GEORGIA
**06-DEA-471959.** Bank of America, Cashiers Check #0453009. VL $99,506 15 Lilburn. GA Freeman, Tonny Lee, 08/13/06
**06-DEA-472208.** $943 45 U S Currency, Duluth GA Freeman Tonny Lee 08 18 06
**06-DEA-472269.** $229 736 00 U S Currency Norcross, GA. The Estate of Unzo-Morales. Luis and Leyva-Portillo Floridalma and Burgos-Ubeta Sruthe 08 18 06
**06-DEA-472427.** $1 454 00 U S Currency Atlanta GA Scott Michael and Jordan, Maxsmillion 08/30 06
**06-DEA-472440.** $1 082 00 U S Currency Atlanta, GA Jordan. Maxsmillion 08 30/06
**06-DEA-472441.** $1 200 00 U S Currency, Atlanta, GA Scott Michael, 08/30 06
**06-DEA-472494.** 1998 Mercury Villager Mini Van 4M2ZV1119WDJ35026 Buford GA. Valencia-Para Jesus Alejandro AKA Medina Enrique Rodriguez AKA Medina Enrique Rodriguez AKA Rodriguez Enrique, 08 16/06
**06-DEA-472527.** $1 159.00 U S Currency, Atlanta GA Mora Ramirez Antonio, 08 28/06
**06-DEA-472565.** 2006 Yamaha VX110 Waverunner Ser No YAMA1105I506 Gainesville GA Grenteria Arturo 08 17/06

DISTRICT OF HAWAII
**06-DEA-472106.** $35 100 00 U S Currency Honolulu, HI Forester Richard 08 24 06
**06-DEA-472638.** $195 99 00 U S Currency, Honolulu, HI Kaulala John 08 30 06

SOUTHERN DISTRICT OF IOWA
**06-DEA-471902,** $153, 950 00 U.S. Currency, Redfield, IA. Ingram, Nigel Garfield and Thomas. Glenford Isidore, 08/09/06

NORTHERN DISTRICT OF ILLINOIS
**06-DEA-471836,** 1995 Honda Accord. 1HGCD7259SA031152, La Grange IL, Campos Gualberto Angel, 07/13/06
**06-DEA-471839,** 2004 Chevrolet Trailblazer. 1GNDT13S242302578. Aurora, IL. Campos, Gualberto Angel. 07/13/06
**06-DEA-472204,** $7,500.00 U S. Currency, Midlothian. IL. Adenipebi, Adeyemi Akanbi, 08/16/06
**06-DEA-472212,** $103,430.00 U S. Currency. Chicago, IL. Montalvo, Adan. 08/21/06
**06-DEA-472406,** 2005 GMC 3500 with fifth wheel hauler. 1GDJK34235E155921 Lansing. IL, Sebastian Sr , Victor. 08/13/06
**06-DEA-472418,** 2004 Nissan Titan Pick-up. 1N6AA06A14N502605, Chicago. IL , Villa, Juan, 08/23/06

SOUTHERN DISTRICT OF ILLINOIS
**06-DEA-472378,** 2001 Ford Ranger XLT 4X4. 1FTZR15E71TA89265. Township 13s-r 6e. IL. Adams. Richard T., 08/07/06

NORTHERN DISTRICT OF INDIANA
**06-DEA-471769.** 2001 Suzuki GXR 1000cc Motorcycle. JS1GW71A812102403. Fort Wayne. IN Tell Jr. Leotha 08/02/06
**06-DEA-471826,** 1997 GMC Sierra 1500 Pickup. 2GTEK19R9V1555385. Fort Wayne. IN. Tell Jr. Leotha, 08/02/06
**06-DEA-471838,** $2,026.00 U S Currency, Mishawaka IN, Winbush, Antwone, 08/14/06
**06-DEA-471844,** $5,000.00 U.S Currency, Mishawaka IN, Settle, Kevin 08/10/06

WESTERN DISTRICT OF MISSOURI
**06-DEA-471774,** $49 420.00 U S. Currency, Camdenton. MO. Ammerman. Michael. 08/03/06
**06-DEA-471777,** 1993 Stoughton Box Trailer, 1DW1AD328PS793665. Bates County MO. Avila, Ruben and Quiroz, Arnulfo, 08/08/06
**06-DEA-471817,** 1996 Freightliner Semi-Tractor, 2FUYDXYBXTA456O423, Bates County. MO. Avila, Ruben and Quiroz, Arnulfo. 08/08/06

NORTHERN DISTRICT OF MISSISSIPPI
**06-DEA-467410,** $54,300.00 U.S Currency, Sardis. MS, Morton. Marcell. 05/02/06

SOUTHERN DISTRICT OF MISSISSIPPI
**06-DEA-470046,** $88,725 00 U S Currency, Raymond, MS. Garcia, Maximino Loredo. 06/27/06
**06-DEA-470992,** $49,959.00 U.S Currency. Laurel, MS. De La Rosa Vera, Fernando. 07/22/06
**06-OEA-472116.** $20,000 00 U S Currency. Gulfport. MS. Casteic, Issac Duran, 08 14/06
**06-DEA-472128.** $1,300.00 U S Currency. Biloxi MS Imperial Palace Hotel. 08 18/06

DISTRICT OF MONTANA
**06-DEA-471929.** $12,345 00 U.S. Currency Belgrade MT. Jorgenson, Carl Hance and Jorgenson. Barbara L 08/22/06

EASTERN DISTRICT OF NORTH CAROLINA
**06-DEA-472336,** Assorted Weapons, VL $290 00, (1) Taurus PT-911 9mm Handgun. Ser No THC83444; (1) Intratec TEC-9 9mm Handgun, Ser No removed, Wake Forest NC Yadra-Lopez. Yesenia. 06 30/06
**06-DEA-472372,** Assorted Weapons, VL $285 00, (1) 12 Gauge Mossberg Shotgun. Ser No L245526, (1) Titan 25 Caliber Pistol Ser No L77467. Wake Forest. NC Humberto-Ahurnada Carlos AKA C.J , 08/24/06
**06-DEA-472375.** Assorted Weapons. VL $260 00 (1) Springfield Model 18 410 Shotgun Ser No B086274 (1) Glenfield Model 60 .22 Rifle. Ser No 23611872 Knightdale, NC. Gracia. Cecilio Barboa. 08/24/06
**06-DEA-472383,** 1995 Chevrolet Motor Home, 1GBKP37N7S3306075. Wake Forest. NC. Sinclair. Bertram J . 08/23/06
**06-DEA-472401,** 1999 Jeep Cherokee, 1J4GW58S8XC535810. Wake Forest. NC. Yadra-Lopez. Yesenia. 08/24/06
**06-DEA-472413.** 1997 BMW 740il. WBAGJ8322VDM03644. Raleigh NC, Sanchez-Almaraz. Fernando, 08/28/06

MIDDLE DISTRICT OF NORTH CAROLINA
**06-DEA-472245.** $7,025.00 U S Currency, Sanford NC Hooker Elijio Lasandrus, 08/25/06
**06-DEA-472320.** $2 912 00 U S Currency Winston Salem NC Nesmith Jr John Wayne 08/31/06
**06-DEA-472335.** 2002 Volvo S80, YV1TS92D721249026 Durham NC Powell, Ricardo Anthony, 08 30/06
**06-DEA-472365.** $2,109 00 U S Currency, Salisbury NC Brooks Johnathan Cole 08 31/06

WESTERN DISTRICT OF NORTH CAROLINA
**06-DEA-472302.** $9,000 00 U S Currency, Hendersonville, NC Prado-Sandoval Diana Hortencia 08 17/06
**06-DEA-472340.** $6,490 00 U S Currency Horse Shoe NC Reyes-Morales. Octavio AKA Nebares-Aguilar Braulio 08 17/06

DISTRICT OF NEBRASKA
**06-DEA-471763.** $2,505 00 U S Currency Douglas County NE Arredondo. Steven AKA Medina-Garcia, Jose 08 21 06

DISTRICT OF NEW HAMPSHIRE
**06-DEA-468442.** $4 916 43 U S Currency, Laconia, NH Hogancamp. Michael, 05/26/06
**06-DEA-471700.** $3,000 00 U S Currency, Fremont NH Daigle Mark, 07 19/06
**06-DEA-471727,** $10,400 00 U S Currency Bedford NH, Unidentified 07/24 06
**06-DEA-471746.** $8,160 00 U S Currency Bedford NH Unidentified 07/27/06
**06-DEA-472112.** $900 00 U S Currency, Bedford NH Unidentified 07 25 06
**06-DEA-472117.** $1,200 00 U S Currency Bedford NH Unidentified. 07/29/06

DISTRICT OF NEW JERSEY
**06-DEA-472238,** 1998 Honda Accord. 1HGCG5542WA250796. Guttenberg. NJ. Arango Albero 08/28/06

DISTRICT OF NEW MEXICO
**06-DEA-467322.** 2002 Dodge Neon. 1B3BS46C62D515285. Las Cruces. NM, Perez-Olivas. Cesar, 05/02/06
**06-DEA-472049.** (109) Assorted Money Orders, VL: $67,200.00. (48) Western Union Money Orders Ser Nos. 08-532277239; 08-507339641 08-508964963; 08-508964964. 08-534765348. 08-508964962 08-575515144. 08-575515145; 08-548780697. 08-548780696 08-548780735; 08-501024843, 08-501024842; 08-532863578. 08-532863579. 08-511300041; 08-511300042; 08-532863577 08-532863576; 08-475644045; 08-575515147; 08-575515146. 08-527669156. 08-527669157; 08-534765410; 08-507339706. 08-527669155. 08-527669154; 08-510575272; 08-510575271; 08-510575274; 08-507339604; 08-501024837; 08-546826584; 08-532277236. 08-510575273; 08-546826583. 08-532277238; 08-530412789, 45-819260613; 08-435835094; 45-819260612; 45-817722372; 45-817722371; 08-532277237; 08-530412783; 08-530412784; 45-817722373 (33) Money Gram Money Orders, Ser Nos 55347836258. 55347836269; 48645642474; 55543515539; 48745679345; 48645642463; 55360676790; 55363070642; 48646719374; 48646719363; 55363070653; 55360676800; 55342562572; 55342562583; 48645103530; 48645103529; 48646719330; 48646719320; 48646719341. 48646719352; 48465094249, 48465094250; 48645642518, 48645642529; 55347836270; 55347836280; 49886317656; 48886317667; 55554330183, 55554330194; 59185006130 ... Plano, TX, Stanley, Amer, 08/04/04
**06-DEA-471130,** $30,560 00 U S Currency, Beaumont, TX, Lopez, Daniel. 08/02/06

NORTHERN DISTRICT OF TEXAS
**06-DEA-472719.** $19 975 00 U S Currency, Dallas. TX. Fuentes. Oscar 07/18/06

SOUTHERN DISTRICT OF TEXAS
**05-DEA-458102.** Smith & Wesson Model 3913TSW, Handgun Ser No MSE7974 VL $490 00. Houston. TX, Banda. Alberto, 09 14/05
**06 DEA-471339,** $48 730 00 U S Currency, Rosenberg, TX Garcia. Angel Alberto 08/02/06
**06-DEA-471404,** $94 850.00 U S Currency, Mission. TX, Martinez, Edwin, 07/28/06
**06-DEA-471852.** 1998 Dodge Durango, 1B4HS28Y4WF203740, Laredo, TX. Pena-Romero. Eduardo, 08/17/06
**06-DEA-472011.** 1998 Freightliner Semi-Tractor. 1FUYSSEB9WL968160 Laredo. TX Dovalina Jr, Conrado, 08/22/06
**06-DEA-472013.** $25 120 00 U S Currency, La Marque. TX. La Salle. S. 08/19/06
**06-DEA-472017,** $30 000 00 U S Currency, La Marque, TX. Miller, Candice. 08 19/06

WESTERN DISTRICT OF TEXAS
**06-DEA-472055,** $630 00 U S Currency. E Paso. TX. Unidentified, 08 14 06
**06-DEA-472240.** $3 806 00 U S Currency, Odessa. TX. Green, Tamaika. 08/24/06
**06-DEA-472366,** $6,217 00 U S Currency. El Paso. TX. Barnes, Anthony Levell, 08/25/06

DISTRICT OF UTAH
**06-DEA-472479,** Beretta 950BS. Ser No BR07241 Pistol, VL: $70.00 St. George UT. Raya-Cuevas, Antonio. 07/21/06

EASTERN DISTRICT OF VIRGINIA
**06-DEA-472184.** $6,897 00 U S Currency. Manassas, VA. Rivas, Luis E and Chacon, Fatima 08/17/06

WESTERN DISTRICT OF VIRGINIA
**06-DEA-472047.** $21 550 00 U S Currency Bristol. VA. Terry, Sharanda Latrice, 08 19/06
**06-DEA-472223,** $4 502 00 U S. Currency. Martinsville, VA, Hairston, John Henry, 08/28/06

DISTRICT OF VERMONT
**06-DEA-471999,** $8 558 00 U S Currency. Williston. VT. Johnson Namphazyo Shariff AKA Johnson, Shariff 08/16/06
**06-DEA-472136.** State of VT Rutland District Court Check #1752. VL $24 000 00. Rutland VT Rutland Vermont The Clerk of the Rutland District Court 08/24/06

EASTERN DISTRICT OF WISCONSIN
**06-DEA-468296.** 2000 Dodge Stratus SE 1B3EJ46X1YN227566 Green Bay WI Watts Jeffrey J.. 05/15/06
**06-DEA-471698.** US Bank Cashiers Check #510367978, Ser No n/a VL $109,973 58 Milwaukee WI Adams, Sheila 07/17/06
**06-DEA-471847.** 2002 Mercury Marquis LS 2MEFM75W52X... Racine WI Mueller, Dale W., 08/19/06
**06-DEA-471850.** Men's Rolex GMT Master Wrist Watch, Ser No 9C2323 ... VL $9,000 00 Racine WI Mueller, Dale W.. 08 19/06
**06-DEA-472022.** $2 360 00 U S Currency. Pewaukee, WI. Reynaldo, Luis 08 25/06
**06-DEA-472272.** $17 813 00 U S Currency, Milwaukee. WI. Johnson, Germaine 08/30/06
**06-DEA-472316.** $25 276 00 U S Currency, Milwaukee, WI, Graf Charles F , 08/30/06
**06-DEA-472359.** $3,754 00 U S Currency, Milwaukee, WI, Whiting Carnell, 08/30/06

WESTERN DISTRICT OF WISCONSIN
**06-DEA-472189,** $10 976 00 U S Currency, Madison, WI, Rogers, Timothy J 08 30 06
**06-DEA-472367,** $2 192 00 U S Currency Madison, WI. Webster Corey D , 08/31/06

"The property listed above is NOT for sale The DEA DOES NOT sell forfeited property and the DEA DOES NOT have information on property for sale



Winn Faulk
Joe M. Reed

ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36104
Telephone: (334) 834-2000
Facsimile: (334) 834-2088

October 25, 2006

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQ's Forfeiture Response
P.O. Box 1475
Quantico, VA  22134-1475

RE: Asset ID#'s 06-DEA-471966

To Whom It May Concern:

Enclosed you will find documentation claiming certain property held by the United States
Department of Justice, Drug Enforcement Administration under asset ID# 06-DEA-471966 .
This communiqué is the claim pursuant to 18 U.S.C. 983, to contest the impending forfeiture
action as well as request remission of the forfeiture.

There is currently an action already pending regarding the seized funds in the Circuit Court of
Montgomery County which has jurisdiction of the matter given the fact that the parties who
initially seized the funds currently held by the DEA were police officers employed by the city of
Montgomery, Alabama.  No drug charges of any sort were filed against the claimant prior to or
since the seizure of his cash.  Such action was filed on August 21, 2006, a copy of which is
included.

Moreover, the funds are not subject to forfeiture under Title 21 U.S.C. 881 because the money
was not used or acquired as a result of a violation of the Controlled Substances Act (21 U.S.C.
881) as the defendant was not arrested for a violation of the Controlled Substances Act, or an
attempt to violate the act, or a conspiracy to violate the act in connection with the seized funds by
any state, local or federal agency.  Therefore, the claimant is requesting remission of the seized
funds and demands its immediate return.

Sincerely,

Joe M. Reed
Attorney for Claimant Jacquard Merritt
Enclosure

**EXHIBIT**

tabbies

8

## AFFIDAVIT

Before me, the undersigned Notary Public, in and for Montgomery County, Alabama, personally appeared Jacquard Merritt, who being duly sworn, deposes and says as follows:

To Whom It May Concern:

My name is Jacquard Merritt.  I am a United States citizen and a resident of Montgomery, Alabama.  I am the rightful owner of $8,000.00 in United States Currency seized by agents of the Drug Enforcement Administration on July 26, 2006, held under asset ID# _O6 DEA 4719b_ I hereby lay claim to this property as possessor and owner.  I make this affidavit under oath, subject to penalty of perjury (Title 18 USC 983(a)(2)(c).

Jacquard Merritt

Sworn to and subscribed before me this 30 day of September, 2006.

Notary Public

My commission expires: _April 27, 2010_

## IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY

JACQUARD MERRITT                *

      Plaintiff,             *

V.                            *    CV- _06-2215 - R_

CITY OF MONTGOMERY,       *

ARTHUR BAYLOR, Chief of Police,   *

 individually and officially,      *

T.D. JAMES, individually, and officially, *

HENRY DAVIS, individually, and officially, *

Unnamed Montgomery Police Officers,  *

individually and officially.       *

      Defendants.         *

### TEMPORARY RESTRAINING ORDER AND
### MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

The claimant/plaintiff, Jacquard Merritt, by and through the undersigned, moves this

court for a Temporary Restraining Order releasing and returning to him certain personal

property to wit: eight thousand dollars ($8,000.00) belonging to him and seized by the

City of Montgomery Police Department, or its agents.  As grounds for this the claimant

shows the Court the following:

                                Verification

Montgomery County                   )

State of Alabama,                    )

Before me, Kevin Snyder, A notary public, in and for said count and state, personally
appeared Joe M. Reed, attorney for the above-named plaintiff, who being first by me duly
sworn doth depose and say that the facts stated in said Petition, and those facts set forth
herein are true:

1. My name is Joe M. Reed, and I have been a practicing lawyer of the Alabama Bar Since September 1997, currently having offices in the firm of Faulk & Reed, LLP, 524 South Union Street, Montgomery, Alabama 36104

2. The claimant is the lawful and equitable owner of the money made the subject of this proceeding. The claimant has informed the City of this fact.

3. On or about July, 28, 2006, Officer T.D. James and other unknown officers of the Montgomery Police Department Narcotics Squad, know as "JumpStreet", observed the plaintiff leave a residence in a neighborhood where, police aver drugs are known to be bought and sold.

4. At best, Montgomery Police Officers suspect that Mr. Merritt is the source of some alleged cocaine trafficked in the city of Montgomery. However, no law enforcement officer has arrested Mr. Merritt and charged him in connection with a controlled substance crime derived from that suspicion. Furthermore, evidence supporting probable cause to issue a warrant for his arrest on such conduct or to search of any property associated with Mr. Merritt, has not been issued by a magistrate or judge.

5. Observing no traffic violations, or unusual activity that would indicate that criminal activity was afoot, Montgomery Police Officers stopped Mr. Merritt, drew their weapons and pointed them at his head and body.

6. Upon stopping Mr. Merritt, Montgomery Police Officers ordered him from the vehicle, wherein they physically removed him from the vehicle, and placed him against said vehicle and proceeded to pat him down.

7.  The pat down search did not reveal any contraband or illegal substance, however it did reveal approximately eight thousand dollars in cash.

8.  Mr. Merritt was handcuffed, and placed in the rear of a patrol car by officers unknown at this time.

9.  Having no reason to believe Mr. Merritt was in possession of a weapon or other contraband, or had committed any crime, Montgomery Police Officers illegally searched Mr. Merritt's vehicle, without probable cause or exigent circumstances. The search merely revealed a video camera and cellular telephone.

10. Discovering no contraband on Mr. Merritt's person or in his automobile, the police could not charge Mr. Merritt with a crime.  Nevertheless, they continued their illegal detention of him and transported him against his will to Montgomery Police Headquarters for interrogation.

11. None of the defendants the time of the above mentioned stop and search possessed a warrant issued by any judge, court, or magistrate authorizing the stop and search and arrest of Mr. Merritt or his vehicle.  Only after arriving at the police station and after Mr. Merritt refused to speak to police officers was it determined that Mr. Merritt had 2 outstanding misdemeanor warrants for his arrest from Montgomery County.

12. Mr. Merritt was released from custody and at a later date contacted the Montgomery Police Department and requested the return of his cellular telephone, video camera and eight thousand dollars in cash.

13. Mr. Merritt was instructed to come to narcotics headquarters and speak to Officer James, wherein his cellular phone and video camera were released. However, when Mr. Merritt inquired about the return of his eight thousand dollars, Mr. Merritt was chastised by Officer James, and threatened with a "conspiracy charge" if he persisted in his attempt to recover his funds, when James stated "you don't need to worry about that (referring to the currency), your lawyer is bullshitting you and you're going to get a conspiracy charge on you. We're gonna do a federal indictment on you…"

14. Narcotics Officers, **known** as "JumpStreet" have engaged in, and continue to engage in a widespread pattern and practice of harassing illegal stops and searches of young African-American males, in the city of Montgomery, whom they profile and label as "drug dealers".

15. The money was not intended to be used in violation of Section 20-2-93 of the Alabama Code, 1975, as mended, nor can the city make a probable cause/prima facie showing of a violation.

16. Montgomery Police Officers, specifically Officer T.D. James, have no probable cause to seize the plaintiff's currency. Such seizure is not meritorious, as the police department cannot connect the currency, nor the claimant with any controlled substance violation involving the currency, which could justify a seizure.

ASSET RECEIVED FORFEITURE SECTION
2006 OCT 31 PM 3:35

17. Although the claimant has continued to lay claim to the money, it remains in the custody of the City of Montgomery or its agents, therefore interfering with, and preventing the claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article one Section IV of the Alabama Constitution. The claimant is destitute and is suffering irreparable harm.

18. Plaintiff has a substantial likelihood of prevailing on the merits due to the lack of justification for seizing the plaintiff's money.

Wherefore, the claimant moves this honorable court for a temporary restraining order returning the defendant's money until a hearing on the matter, to determine if probable cause exists to forfeit the currency, at the court's earliest convenience, and after such hearing, enter its final order restoring all rights to and possession of the money to the claimant.

Joe M. Reed

Sworn to and subscribed before me this___day of August, 2006..

Notary Public

My commission expires: _April 27, 2010_



Faulk & Reed
LLP
ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36104

Received
OCT 3 0 2006

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQ's Forfeiture Response
P.O. Box 1475
Quantico, VA 22134-1475

22134+1475-75 B030

**U. S. Department of Justice**

Drug Enforcement Administration

Office of Operations Management

*www.dea.gov*                                November 8, 2006

### CERTIFIED MAIL/RETURN RECEIPT

Jacquard Merritt
c/o Joe M. Reed, Esq.
Faulk & Reed, L.L.P.
Attorneys at Law
524 South Union Street
Montgomery, AL 36104

| ASSET ID NUMBER | CASE NUMBER | PROPERTY DESCRIPTION |
|---|---|---|
| 06-DEA-471966 | KI-06-0058 | $8,000.00 U.S. Currency |
| **JUDICIAL DISTRICT:** | Middle District of Alabama | |

Dear Claimant:

The Drug Enforcement Administration (DEA) has received claim and/or petition regarding the above-referenced asset. The following information is provided:

_____ Your claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office.

_____ Your claim and petition have been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office.

_____ Your petition, which was previously acknowledged, is now being handled by the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office.

 **XX**  Your claim for the above referenced property is being **returned** because it was received **in this office** after the last date to file, which was  **October 25, 2006** .

EXHIBIT

9

-2-

_____ Petitions for Remission and/or Mitigation of forfeiture may be filed until the date the property is disposed of according to law.  Since you also submitted a petition, this office will administratively rule on your petition.  It is anticipated that this process will take a minimum of **120 days** before a decision can be rendered on the merits of the petition. Please be assured that all petitions are handled on a "**first-in, first-out**" basis.

_____ Although you did **not** file a Petition for Remission and/or Mitigation along with your claim, as a matter of discretion, we will allow you <u>**twenty (20) days**</u> from the date of receipt of this letter to file a petition for an administrative ruling by this office before the property is disposed of according to law.  Please note that your petition must be sworn to under penalty of perjury. For your ready reference, the acceptable language required by statute is as follows:

> "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date) (Signature)".

Please ensure that **all documents and correspondence regarding this matter reference the DEA asset identifier and case numbers noted above** and, unless otherwise directed, be addressed to the Forfeiture Counsel, Asset Forfeiture Section, OMA, Drug Enforcement Administration, HQ's Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.  Correspondence sent via private delivery must be sent to the Asset Forfeiture Section, OMA, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

Asset Forfeiture Section, OMA
Office of Operations Management

**CLAIM.ACKNOWLEDGE.LETTER (SEPT. 04)**          BY: **KJ**     AD CODE: **891**



ATTORNEYS AT LAW

524 South Union Street
Montgomery, Alabama 36104
Telephone: (334) 834-2000
Facsimile: (334) 834-2088

Winn Faulk
Joe M. Reed

October 25, 2006

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQ's Forfeiture Response
P.O. Box 1475
Quantico, VA 22134-1475

RE: Asset ID#'s 06-DEA-471966

To Whom It May Concern:

Enclosed you will find documentation claiming certain property held by the United States
Department of Justice, Drug Enforcement Administration under asset ID# 06-DEA-471966 .
This communiqué is the claim pursuant to 18 U.S.C. 983, to contest the impending forfeiture
action as well as request remission of the forfeiture.

There is currently an action already pending regarding the seized funds in the Circuit Court of
Montgomery County which has jurisdiction of the matter given the fact that the parties who
initially seized the funds currently held by the DEA were police officers employed by the city of
Montgomery, Alabama. No drug charges of any sort were filed against the claimant prior to or
since the seizure of his cash. Such action was filed on August 21, 2006, a copy of which is
included.

Moreover, the funds are not subject to forfeiture under Title 21 U.S.C. 881 because the money
was not used or acquired as a result of a violation of the Controlled Substances Act (21 U.S.C.
881) as the defendant was not arrested for a violation of the Controlled Substances Act, or an
attempt to violate the act, or a conspiracy to violate the act in connection with the seized funds by
any state, local or federal agency. Therefore, the claimant is requesting remission of the seized
funds and demands its immediate return.

Sincerely,

Joe M. Reed
Attorney for Claimant Jacquard Merritt
Enclosure

## AFFIDAVIT

Before me, the undersigned Notary Public, in and for Montgomery County, Alabama, personally appeared Jacquard Merritt, who being duly sworn, deposes and says as follows:

To Whom It May Concern:

My name is Jacquard Merritt. I am a United States citizen and a resident of Montgomery, Alabama. I am the rightful owner of $8,000.00 in United States Currency seized by agents of the Drug Enforcement Administration on July 26, 2006, held under asset ID# _06 DEA 47196_ I hereby lay claim to this property as possessor and owner. I make this affidavit under oath, subject to penalty of perjury (Title 18 USC 983(a)(2)(c).

Jacquard Merritt

Sworn to and subscribed before me this 30 day of September, 2006.

Notary Public

My commission expires: _April 27, 2010_

## IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY

**JACQUARD MERRITT**                               *

        **Plaintiff,**                         *

**V.**                                             *    CV- _06-2215 - R_

**CITY OF MONTGOMERY,**                            *

**ARTHUR BAYLOR, Chief of Police,**               *

 **individually and officially,**               *

**T.D. JAMES, individually, and officially,** *

**HENRY DAVIS, individually, and officially,**

**Unnamed Montgomery Police Officers,**           *

**individually and officially.**                  *

       **Defendants.**                        *

### TEMPORARY RESTRAINING ORDER AND
### MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

The claimant/plaintiff, Jacquard Merritt, by and through the undersigned, moves this

court for a Temporary Restraining Order releasing and returning to him certain personal

property to wit: eight thousand dollars ($8,000.00) belonging to him and seized by the

City of Montgomery Police Department, or its agents. As grounds for this the claimant

shows the Court the following:

Verification

Montgomery County                   )
State of Alabama,                    )

Before me, Kevin Snyder, A notary public, in and for said count and state, personally
appeared Joe M. Reed, attorney for the above-named plaintiff, who being first by me duly
sworn doth depose and say that the facts stated in said Petition, and those facts set forth
herein are true:

1. My name is Joe M. Reed, and I have been a practicing lawyer of the Alabama Bar Since September 1997, currently having offices in the firm of Faulk & Reed, LLP, 524 South Union Street, Montgomery, Alabama 36104

2. The claimant is the lawful and equitable owner of the money made the subject of this proceeding. The claimant has informed the City of this fact.

3. On or about July, 28, 2006, Officer T.D. James and other unknown officers of the Montgomery Police Department Narcotics Squad, know as "JumpStreet", observed the plaintiff leave a residence in a neighborhood where, police aver drugs are known to be bought and sold.

4. At best, Montgomery Police Officers suspect that Mr. Merritt is the source of some alleged cocaine trafficked in the city of Montgomery. However, no law enforcement officer has arrested Mr. Merritt and charged him in connection with a controlled substance crime derived from that suspicion. Furthermore, evidence supporting probable cause to issue a warrant for his arrest on such conduct or to search of any property associated with Mr. Merritt, has not been issued by a magistrate or judge.

5. Observing no traffic violations, or unusual activity that would indicate that criminal activity was afoot, Montgomery Police Officers stopped Mr. Merritt, drew their weapons and pointed them at his head and body.

6. Upon stopping Mr. Merritt, Montgomery Police Officers ordered him from the vehicle, wherein they physically removed him from the vehicle, and placed him against said vehicle and proceeded to pat him down.

7. The pat down search did not reveal any contraband or illegal substance, however it did reveal approximately eight thousand dollars in cash.

8. Mr. Merritt was handcuffed, and placed in the rear of a patrol car by officers unknown at this time.

9. Having no reason to believe Mr. Merritt was in possession of a weapon or other contraband, or had committed any crime, Montgomery Police Officers illegally searched Mr. Merritt's vehicle, without probable cause or exigent circumstances. The search merely revealed a video camera and cellular telephone.

10. Discovering no contraband on Mr. Merritt's person or in his automobile, the police could not charge Mr. Merritt with a crime. Nevertheless, they continued their illegal detention of him and transported him against his will to Montgomery Police Headquarters for interrogation.

11. None of the defendants the time of the above mentioned stop and search possessed a warrant issued by any judge, court, or magistrate authorizing the stop and search and arrest of Mr. Merritt or his vehicle. Only after arriving at the police station and after Mr. Merritt refused to speak to police officers was it determined that Mr. Merritt had 2 outstanding misdemeanor warrants for his arrest from Montgomery County.

12. Mr. Merritt was released from custody and at a later date contacted the Montgomery Police Department and requested the return of his cellular telephone, video camera and eight thousand dollars in cash.

13. Mr. Merritt was instructed to come to narcotics headquarters and speak to Officer James, wherein his cellular phone and video camera were released. However, when Mr. Merritt inquired about the return of his eight thousand dollars, Mr. Merritt was chastised by Officer James, and threatened with a "conspiracy charge" if he persisted in his attempt to recover his funds, when James stated "you don't need to worry about that (referring to the currency), your lawyer is bullshitting you and you're going to get a conspiracy charge on you. We're gonna do a federal indictment on you..."

14. Narcotics Officers, known as "JumpStreet" have engaged in, and continue to engage in a widespread pattern and practice of harassing illegal stops and searches of young African-American males, in the city of Montgomery, whom they profile and label as "drug dealers".

15. The money was not intended to be used in violation of Section 20-2-93 of the Alabama Code, 1975, as mended, nor can the city make a probable cause/prima facie showing of a violation.

16. Montgomery Police Officers, specifically Officer T.D. James, have no probable cause to seize the plaintiff's currency. Such seizure is not meritorious, as the police department cannot connect the currency, nor the claimant with any controlled substance violation involving the currency, which could justify a seizure.

2007 OCT 31 PM 3:35
ASSET RECEIVED FORFEITURE SECTION

17. Although the claimant has continued to lay claim to the money, it remains in the custody of the City of Montgomery or its agents, therefore interfering with, and preventing the claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article one Section IV of the Alabama Constitution. The claimant is destitute and is suffering irreparable harm.

18. Plaintiff has a substantial likelihood of prevailing on the merits due to the lack of justification for seizing the plaintiff's money.

Wherefore, the claimant moves this honorable court for a temporary restraining order returning the defendant's money until a hearing on the matter, to determine if probable cause exists to forfeit the currency, at the court's earliest convenience, and after such hearing, enter its final order restoring all rights to and possession of the money to the claimant.

Joe M. Reed

Sworn to and subscribed before me this____day of August, 2006..

Notary Public

My commission expires: April 27, 2010

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete ___ed.
■ ||||||||||||||||||||| e reverse
  06-471966-005 ____ ou.
■ ___ mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent  ☐ Addressee

B. Received by (*Printed Name*)  C. Date of Delivery
Kevin M. Snyder  11 20 04

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

   Jacquard Merritt
   c/o Joe M. Reed, Esq.
   Faulk & Reed, L.L.P.
   Attorneys at Law
   524 South Union Street
   Montgomery,, AL 36104

   Asset Id 06-DEA-471966 (KI)

3. Service Type
   ☐ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
   (*Transfer from service label*)

   7005 0390 0000 9054 8363

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-15

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0000 9054 8363

**EXHIBIT**

tabbies®

10



**U. S. Department of Justice**
Drug Enforcement Administration

Asset ID: 06-DEA-471966        Case #: KI-06-0058
Asset Description: $8,000.00 U.S. Currency
Seizure Date: 07/28/2006        Seizure Value: $8000.00
Adoption Date: 08/23/2006
Seizure Place: Montgomery, AL
Owner Name: Jacquard Merritt
Seized From: Jacquard Merritt
Judicial District: Middle District of Alabama

## DECLARATION OF FORFEITURE

The above-described property has been seized by agents of the **DRUG ENFORCEMENT ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined this matter, and found that there was sufficient information to support the forfeiture of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.

John J. Cipriani
Senior Attorney
Asset Forfeiture Section

January 30, 2007
Date

**EXHIBIT**

tabbies

11

Page 2

Asset ID: 06-DEA-471966    Case #: KI-06-0058
Asset Description:  $8,000.00 U.S. Currency
Seizure Date: 07/28/2006    Seizure Value:  $8000.00
Adoption Date: 08/23/2006
Seizure Place:  Montgomery, AL
Owner Name:  Jaquard Merritt
Seized From:  Jacquard Merritt
Judicial District:  Middle District of Alabama

cc:  DO:  New Orleans
      RO:  Montgomery
      USMS:  Montgomery

**DEA.294  (JAN. 01)**                    By: VM                    AD Code #: 891

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

FEB   7 2007

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Joe M. Reed
Attorney at Law
524 South Union Street
Montgomery, AL 36104

Re:    DEA Case No.:    KI-06-0058
          Asset ID No.:    06-DEA-471966
          Property:       $8,000.00 U.S. Currency
          Petitioner:      Jacquard Merritt

Dear Mr. Reed:

    I am writing to you in response to the petition for remission or mitigation regarding the above-referenced property, submitted on behalf of Jacquard Merritt (hereafter the petitioner).

    The remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States, 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America, 116 F. Supp. 2d 248 (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See United States Code (U.S.C.) 21 U.S.C. § 881 (d) (2006); 19 U.S.C. § 1618 (2006).

    The Attorney General and the Administrator of the Drug Enforcement Administration (DEA) have delegated the authority to determine the merits of such petitions to this office. 28 C.F.R. §§ 0.100 (b), 0.104; 28 C.F.R. §9.1 (b). This office's decision on your petition is not subject to judicial review on its merits. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative

**EXHIBIT**

tabbies®

12

begun, a federal district court generally does not have subject matter jurisdiction to review the merits of an administrative forfeiture decision. Dawson v. The Drug Enforcement Administration, 927 F. Supp. 748; 1996 U.S. Dist. LEXIS 8061 (1996).

The petitioner has the burden of establishing the basis for granting a petition for remission or mitigation of forfeited property. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9.5 (a) (3). See 19 U.S.C. § 1618 (The Attorney General may return the property if he finds mitigating circumstances to justify the remission.) As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture. 28 C.F.R. § 9.5 (a) (4). See Juncaj v. United States, 894 F.Supp. 318, 320 (E. D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054. Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1.    A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2.    Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

During July, 2006, law enforcement agents were investigating drug trafficking activity in the Montgomery, Alabama area. During this time, the agents were able to identify the petitioner as an individual who was connected with the trafficking of controlled substances, placed him at the location of a drug transaction, and observed him participating in a drug transaction. On July 28, 2006, immediately after a call was received at 418 Empire, Montgomery Alabama, a residence where the petitioner was located, stating that law enforcement would be arriving soon and to discard any illegal substances at that location, the petitioner immediately left the residence. The petitioner was stopped and the above-described currency was discovered. The petitioner stated the funds were derived from real estate he was involved with and were proceeds from his sales. An Alabama Industrial Relations check failed to provide any employment activity for the petitioner.

The facts and circumstances of this investigation revealed probable cause to believe that the seized currency was furnished or was intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. Section 881 (a) (6). While the presence of a large amount of cash, standing alone, is insufficient to support forfeiture, courts have held that possession of a large amount of cash is "strong evidence that the money was furnished or intended to be furnished in return for drugs." United States v. $42,500.00 United States Currency, 283 F.3d 977, 981 (9th Cir. 2002); see also United States v. $ 215,300, 882 F.2d 417, 419 (9th Cir. 1989), cert. denied, 497 U.S. 1005 (1990). These funds would be considered to be proceeds. Proceeds are property that would not have been obtained or retained but for the criminal offense and that property is subject to forfeiture. Kadonsky v. United States, 216 F.3d 499; 2000 U.S. App. LEXIS 15836; cert. denied 531 U.S. 1176, 148 L. Ed. 2d 1013, 121 S. Ct. 1151, 2001 U.S. LEXIS 1579, 69 U.S.L.W. 3555 (2001); United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir. 1990). See also United States v. Horak, 833 F. 2d 1235 (7th Cir. 1987).

On October 30, 2006, DEA received the petitioner's petition for remission or mitigation of forfeiture. The petitioner only alleges that the funds are his and failed to provide any independently verifiable documentation or evidence to support the theory that the funds were derived from a legitimate source. Pursuant to 28 C.F.R. § 9.3 (c) (iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, or cancelled checks. If the petitioner is alleging the forfeited currency is the result of some transaction, the petitioner must then provide credible, verifiable documentation evidencing the transaction, such as bills of sale, contracts, deeds, or mortgages.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined the petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5 (b). The petitioner failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in Austin v. United States, 113 S. Ct. 2801 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since the petitioner has failed to contest this forfeiture judicially, this option is no longer open to him. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995); Caraballo V. Drug Enforcement Administration, 62 Fed. Appx. 362, 363 (2003).

For the reasons discussed above, the petition failed to meet the requirements for remission or mitigation. 28 C.F.R. Part 9. The petition is therefore denied.

The petitioner may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered. This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous. Requests must be postmarked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the DEA Case and Asset ID numbers referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

_John J. Cipriani_
02/07/07

John J. Cipriani
Senior Attorney
Asset Forfeiture Section

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: # 06 - 471966 (KI)

Joe M. Reed
Attorney at Law
524 South Union Street
Montgomery, AL 36104
Asset ID #06-DEA-471966 (KI)

06-471966-004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
Shannon Thomas   2/16/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7006 2150 0005 3475 5934

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154(

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $        W. WinBush |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here #06-471966 (KI) |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $      2/12/07 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006     See Reverse for Instructions

7006 2150 0005 3475 5934

**EXHIBIT**

13



**Faulk & Reed** LLP

Winn Faulk
Joe M. Reed

ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36104
Telephone: (334) 834-2000
Facsimile: (334) 834-2088

February 26, 2007

Hon. John J. Cipriani
Senior Attorney
Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Response
P.O. Box 1475
Quantico, VA 22134-1475

RE: DEA Case # K1-06-0058;
Asset I.D. No. 06-DEA-471966
Petitioner: Jacquard Merritt

Dear Mr. Cipriani:

I am in receipt of your letter dated February 7, 2007. We received your letter in this office on Friday, February 16, 2007. Because this matter was previously before the Circuit Court of Montgomery County, Alabama, and has since been removed to the United States District Court for the Middle District of Alabama, it is Mr. Merritt's contention that the DEA has no authority to act with respect to the res over which these courts are already exercising jurisdiction. Nevertheless, out of an abundance of caution, we are filing this response in the nature of a special appearance to contest the DEA's jurisdiction, and, in the event that it is ultimately held that the DEA does have jurisdiction, to preserve Mr. Merritt's right to contest the forfeiture before the DEA. Therefore, we ask that, subject to such contention, you construe this letter to be a request for reconsideration of forfeiture. Please allow me to correct and supplement the alleged facts you aver that are grounds for the belief that probable cause exists to forfeit Mr. Merritt's currency.

On July 26, 2006, Montgomery Police Officers investigating drug activity made a controlled buy from a suspect. Mr. Merritt was not at the scene of the controlled buy. Montgomery Police officers called the residence where the suspect resided and spoke with a child averring that the police were on their way and to get rid of any drugs. Mr. Merritt was at the house when the phone call was received but had no knowledge of its content. Upon leaving the residence, officers stopped Mr. Merritt without reasonable suspicion, and searched his vehicle. The search did not turn up any drugs. The search merely revealed a cell phone, video camera, and a Juicy Fruit wrapper. Merritt's person

**EXHIBIT**

14

was searched, and $8,000.00 was found on his person. No drugs were found on Mr. Merritt's person. Additionally, a search of the residence where Mr. Merritt left did not reveal any drugs. All of Mr. Merritt's belongings were seized by Montgomery Police Officers. Mr. Merritt was interrogated but not charged with any drug trafficking or drug possession crime involving the $8,000.00 seized from his person. However, Mr. Merritt was served with two outstanding warrants alleging domestic violence. Mr. Merritt posted bail and requested the return of his cell phone, video camera, and $8,000.00. All but the $8,000.00 was returned to Mr. Merritt.

Per your letter, it is averred that the $8,000.00 in question was furnished or intended to be furnished in exchange for a controlled substance. In support of that belief, you conclude that Mr. Merritt is connected with the trafficking of controlled substances by allegations which place him the location of a drug transaction, and observe him participating in a drug transaction. Such allegations are patently false and are not supported by any credible documentation, i.e. an arrest for the transaction which the funds are connected.

Mr. Merritt has not been charged with any criminal offense involving drug trafficking and the $8,000.00 seized from his person on July 26, 2006. Mr. Merritt has never been arrested for any drug offense-ever. No law enforcement officer observed Mr. Merritt exchange drugs for the $8,000.00. No law enforcement officer observed Mr. Merritt attempt to purchase drugs with $8,000.00. No law enforcement officer participated in an exchange of drugs for Mr. Merritt's $8,000.00. No law enforcement officer can connect the cash seized from Mr. Merritt to an exchange for a controlled substance. The aversion, presumably made by police officers in Montgomery, Alabama, that Mr. Merritt was at the location of a drug transaction and observed him participating in a drug transaction is a flat out lie. How do law enforcement agents observe an individual participate in a drug transaction and not arrest him for it? Simply put, they don't. No probable cause exists to charge him with a drug trafficking crime connected to the seized money, so no probable cause exists to believe that the funds are even subject to forfeiture. The averment that Mr. Merritt is "connected with the trafficking in controlled substances" is simply hogwash. Moreover, if Mr. Merritt was present, (which he was not) at the scene of a drug transaction, mere presence at the scene of a drug transaction, without more, is insufficient to hold probable cause exists to believe that funds seized from an individual were used or going to be used in exchange for controlled substances.

Your finding that the administrative forfeiture is "proportional to the offense" by showing a "substantial connection" to the offense is puzzling since there is no offense whatsoever to which the money may be connected.

Moreover, your looking for documentation of the seized funds as proceeds of a real estate transaction at the Department of Industrial Relations is not appropriate in this case. Mr. Merritt is an entrepreneur, not employed by an entity which would have to report withholding from Mr. Merritt.

Additionally, Mr. Merritt did contest the seizure by Montgomery Police Officer by filing suit in the Circuit Court of Montgomery, Alabama. His lawsuit predates any adoption of the seizure by the Drug Enforcement Administration and any administrative action taken by the Drug Enforcement Administration. The Circuit Court of Montgomery County, Alabama has jurisdiction of the case to the exclusion of all other courts, including, but not limited to the United States District Court for the Middle

2

District of Alabama. The Circuit Court of Montgomery Alabama has not ceded its jurisdiction to The Drug Enforcement Administration or the United States District Court. See, *e.g.*, *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed.2d 285 (1939); and *Scarabin v. Drug Enforcement Administration*, 966 F. 2d 989 (5th Cir. 1992).

In conclusion, your finding that probable cause exists to forfeit Mr. Merritt's funds, based on the preceding facts, is erroneous. There is no reason a finding should have been made that probable cause exists to forfeit Mr. Merritt's currency. Neither the DEA nor Montgomery Police Officers have any documentation or credible evidence connecting Mr. Merritt's cash to a controlled substance exchange. Even the facts described in your letter do not articulate any basis for your assertion that the funds were being exchanged or furnished for a controlled substance. They only show they were taken from him after he left a residence, which is not yet illegal conduct in Alabama. Probable cause cannot reasonably be said to exist for any behavior which would make the funds subject to forfeiture.

Sincerely,

FAULK & REED, L.L.P.

By: *[signature]*

    Winn Faulk, for the firm

3

Faulk & Reed
LLP
ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36004

RECEIVED
ASSET...
2007 MAR -5 AM 11

RETURN RECEIPT
REQUESTED

CERTIFIED MAIL™

7006 0100 0003 6483 1465

Hon. John J. Cipriani
Senior Attorney
Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Response
P.O. Box 1475
Quantico, VA 22134-1475



#39

X-Reved
MAR - 2 2007
DCEA(Quantico)

UNITED STATES POSTAGE
$004.640
02 1P
0004543041   FEB 28 2007
MAILED FROM ZIP CODE 36104
PITNEY BOWES

**U.S. Department of Justice**

Drug Enforcement Administration

---

*www.dea.gov*

MAY   3 2007

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Joe M. Reed
Attorney at Law
524 South Union Street
Montgomery, AL 36104

Re:   DEA Case No.:     K1-06-0058
      Asset ID No.:     06-DEA-471966
      Property:     $8,000.00 U.S. Currency
      Petitioner:     Jacquard Merritt

Dear Mr. Reed:

I am writing to you in response to the request for reconsideration regarding the above-referenced property.

As noted in the denial of the petition, the remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States; 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America; 116 F. Supp. 2d 248; (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See 21 United States Code (U.S.C.) § 881 (d) (2007); 19 U.S.C. § 1618 (2007).

The Drug Enforcement Administration's (DEA) decision regarding the petition for remission or mitigation is not subject to judicial review. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative process has begun, a federal district court generally does not have subject matter jurisdiction to review the merits of an administrative forfeiture decisi[on]

**EXHIBIT**

15

The Drug Enforcement Administration, 927 F. Supp. 748 (1996). Furthermore, DEA is barred from considering whether the evidence was sufficient to support the administrative forfeiture of the asset. Accordingly, I presumed a valid forfeiture. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture 28 Code of Federal Regulations (C.F.R.) § 9.5 (a) (4). In addition, a request for reconsideration must be based on information or evidence not previously considered. 28 C.F.R. § 9.3 (j). This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous.

Initially, responding to your allegation that DEA does not have jurisdiction in this matter: The United States District Court for the Middle District of Alabama, in Case No. 2:06-cv-1105-MEF-WC, dismissed and remanded the matter of Merritt v. City of Montgomery, et al, on March 27, 2007. Further, on May 1, 2007, the Circuit Court of Montgomery County dismissed the case of Merritt v. City of Montgomery, et al., case no. CV-06-2215. The assertion that you made that since you filed a Temporary Restraining Order and Motion For Release and Return of Seized Money on August 21, 2006, gave jurisdiction to the state court is without merit in that the Circuit Court did not rule on your motion until December 13, 2006. Pursuant to the rule of prior exclusive jurisdiction, the federal government obtained in rem jurisdiction over the forfeited property prior to the issuance of the state court ruling. Only a previously commenced state in rem proceeding will serve to divest federal in rem jurisdiction. That is not the case here. See United States v. $79,123.49 In U.S. Cash and Currency, 830 F.2d 94 (7th Cir. 1987) and cases cited therein. United States v. One Black 1999 Ford Crown Victoria LX, 118 F. Supp. 2d 115 (D.C. Mass. 2000).

Nevertheless, DEA conducted a thorough review of the facts and circumstances surrounding this matter. This review revealed that your client, Jacquard Merritt (hereafter the petitioner) has been involved in controlled substance activity, on various levels, including as a distributor, for many years. In fact, he was interdicted at the Montgomery Regional Airport on July 5, 2005, with over $36,000.00 secreted in his baggage and $4,878.00 found on his person. It should also be noted that the petitioner was accompanied by Michael Coleman who was discovered to be in possession of over $80,000.00 that was secreted in his luggage. Both the petitioner and Coleman initially gave inconsistent and conflicting statements to the law enforcement agents conducting the search. The Honorable W. Keith Watkins, United States District Judge, Middle District of Alabama, denied a motion to suppress on February 6, 2007, in USA v. $80,633, et al., 2:05-cv-01086-WKW-TFM.

These facts are mentioned because the petitioner alleges he is without knowledge or culpability in the instant case. The facts are that on July 27, 2006, the day prior to the seizure of the above-described currency, the petitioner was present with other individuals who were conducting a multi-kilo cocaine transaction. The petitioner was observed directly participating in the discussions about the price per kilogram of cocaine. The following day, the petitioner was present when a telephone call was placed to a residence, wherein the caller stated that an associate of the petitioner's was arrested and the police were on their way to the residence. The petitioner immediately left that residence. The petitioner was stopped and searched incident to an arrest and the currency was discovered. The petitioner's self serving statement that he was without knowledge is inconsistent with the facts. The fact that the petitioner may have gotten rid of the drugs prior to his being stopped does not change the fact that the currency was used or intended for use in controlled substance transactions. Further, your client's unsubstantiated statements that he was in "real estate" are further evidence that the funds were derived from illicit means. The petitioner has failed to provide any

independently verifiable evidence that the funds were from a legitimate source. Once probable cause to forfeit the property is shown, the burden of proof shifts to the petitioner to prove by a preponderance of the evidence that the funds came from an independent, non-drug-related source. United States v. $ 7,300 in U.S. Currency, 2003 U.S. Dist. LEXIS 10968 (S.D.N.Y June 26, 2003); United States v. One 1986 Nissan Maxima GL, 895 F.2d 1063 (5th Cir. 1990); United States v. $250,000 In U.S. Currency, 808 F.2d 895 (1st Cir. 1987). The petitioner has failed to carry this burden.

Given the facts of the previous day, coupled with the petitioner's attempt to flee when notified that the police were on the way, negates any argument that the seizure was disproportionate or without probable cause. In addition, while the petitioner discounts the efforts of law enforcement by checking with the Department of Industrial Relations to verify his employment, by stating that the petitioner is an "entrepreneur, not employed by an entity which would have to report withholding" does not lend credibility to the petitioner's assertions because the petitioner has not provided any documentary evidence to support his allegation.

As indicated in DEA's letter dated February 7, 2007, pursuant to 28 C.F.R. § 9.3 (c) (iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, or cancelled checks. If the petitioner is alleging the forfeited currency is the result of some transaction, the petitioner must then provide credible, verifiable documentation evidencing the transaction, such as bills of sale, contracts, deeds, or mortgages. The petitioner had an opportunity to provide the documents and failed.

For the reasons discussed above, the request for reconsideration failed to meet the requirements for remission. 28 C.F.R. Part 9.

Although the petition did not meet the minimum conditions for remission, as a matter of discretion I also reexamined the petition to determine whether extenuating circumstances exist that warrant mitigation of forfeiture. See 28 C.F.R. § 9.5 (b). Mitigation is warranted in circumstances "where relief should be granted to avoid extreme hardship . . ." The petitioner's request for reconsideration has failed to establish grounds for relief by mitigation. The request for reconsideration is denied.

Pursuant to 28 C.F.R. § 9.3 (j), a petitioner is only entitled to file one request for reconsideration per seizure. The petitioner has exercised this right and the denial of the petition for the above-referenced asset is now final.

Sincerely,

John Hieronymus
Forfeiture Counsel

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

(KI)06-DEA-471966

Joe M. Reed
Attorney at Law
524 South Union Street
Montgomery, AL 36104

N|0 3

0 6 - 4 7 1 9 6 6 - 0 0 6

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chebi Wade Kelley_    ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Deliver
5|7|0

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7004 2510 0001 0972 1913

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0001 0972 1913

**EXHIBIT**

16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JOE GREEN, JOHNNY JAMES BROWN, AND ALETHA JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:07cv416-WHA |
| DRUG ENFORCEMENT AGENCY, | ) ) | (WO) |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. #5) filed by the Drug Enforcement Administration ("DEA") on July 13, 2007.

The Plaintiffs, Michael Joe Green, Johnny James Brown, and Aletha Johnson ("the Plaintiffs"), filed this case against DEA seeking declaratory and injunctive relief and the return of $ 32,353.00.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

### II. MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear

conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III. FACTS

In December 2006, the Montgomery Police Department seized $32, 353.00 from the Plaintiffs during a traffic stop of Plaintiffs Green and Brown. During the course of the stop, the law enforcement officer viewed $20,000 cash in plain view, and a canine unit alerted on marijuana in the vehicle. The remaining cash was found during a search of the vehicle.

On December 29, 2006, The Plaintiffs filed a Complaint and Motion for Release and Return of Seized Money in the Circuit Court of Montgomery County, Alabama. The suit named the City of Montgomery, J.J. Allen, and Henry Davis as Defendants. The currency was not named as a party in the state court complaint.

On January 11, 2007, DEA adopted the City of Montgomery's seizure. According to DEA, DEA adopted the City of Montgomery's seizure for federal forfeiture because DEA's investigation revealed probable cause to believe that the seized currency was furnished or intended to be furnished in exchange for a controlled substance. Plaintiffs do not dispute DEA's representations that it commenced administrative forfeiture proceedings by sending Certified Notice of Seizure Letters, that DEA received the United States Postal Service Domestic Return Receipt for Green and Brown's addresses, and that DEA published notice in *The Wall Street Journal* for three consecutive weeks. No claim was filed by the Plaintiffs.

On February 1, 2007, the Montgomery County Circuit Court case was removed to federal court. The Plaintiffs filed two Motions to Remand. On April 17, 2007, the district court

remanded the case based on the state court Defendants' failure to respond to the first Motion to Remand.

On May 14, 2007, the state court case was dismissed with prejudice. On May 30, 2007, the Plaintiffs moved to set aside the order granting the motion to dismiss and requested that the case be reinstated and the motion styled as a motion for summary judgment. According to the Plaintiffs, on July 31, 2007, the Circuit Court of Montgomery County Alabama reinstated the state court case and set the matter for trial.

## IV. DISCUSSION

Upon review of the Complaint filed in this case, the court finds it somewhat difficult to discern the legal basis for Plaintiffs' requested relief. The Plaintiffs have invoked federal forfeiture statutes, Rules 15 and 41 of the Federal Rules of Criminal Procedure,[1] and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

DEA has argued that this case should be dismissed for lack of subject matter jurisdiction because it is an improper attempt by the Plaintiffs to have this court collaterally review the merits of an administrative forfeiture. The Plaintiffs do not dispute DEA's description of the correct method by which to challenge the merits of an administrative forfeiture, but argue that their challenge is not to the merits, but to subject matter jurisdiction. This court cannot address the issue of an alleged lack of jurisdiction in the administrative forfeiture case unless the court has subject matter jurisdiction in this case. Therefore, the court turns first to the question of

---

[1] To the extent that the Plaintiffs have cited Rule 41, "it is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture action." *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir. 1989).

3

jurisdiction in this case.

In *Valderrama v. United States*, 417 F.3d 1189 (11th Cir. 2005), the Eleventh Circuit affirmed the district court's determination that it lacked subject matter jurisdiction over challenges to the legitimacy of a forfeiture proceeding. The Eleventh Circuit stated that it would not review an argument raised on appeal that the United States lacked authority to administratively forfeit the property in question, because that was not a challenge to the process, but was instead a challenge to the merits. *Id.* at 1196. The court explained that it is without jurisdiction to review the merits of an administrative forfeiture. *Id.* Under *Valderrama*, therefore, the Plaintiffs' challenge to the authority of DEA to administratively forfeit the money in question is a merits challenge over which this court has no jurisdiction.

Also in *Valderrama*, the court explained that in 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), specifically 18 U.S.C. § 983(e), which sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture. *Id.* at 1195. The court stated that a court's review of a § 983(e) motion is limited to determining whether the agency followed proper procedural safeguards. *Id.*

There is a citation in the Complaint filed in this case to provisions of the Constitution which contain procedural due process guarantees. Even construing the Complaint as a § 983(e) motion, however, the Plaintiffs are not entitled to relief. The Plaintiffs have not disputed that they were provided adequate notice in the forfeiture case. The substance of the allegations of their Complaint contains no procedural challenge. Therefore, even if this case were liberally construed as a motion filed pursuant to § 983(e), it seeks relief outside of this court's jurisdiction.

4

A court may also exercise equitable jurisdiction to consider a challenge to a civil forfeiture. *Valerrama,* 417 F.3d at 1197. The Eleventh Circuit has held, however, that it is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture action when the plaintiff elected not to pursue procedures for an adequate remedy at law. *Id.*; *United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999). As the lower court in *Valderrama* explained, "courts will permit claimants to challenge an administrative forfeiture when procedural missteps denied them the opportunity to challenge the merits of the forfeiture, but not when claimants had an opportunity to present all of their arguments at the administrative level." *Valderrama v. U.S.,* 326 F. Supp. 2d 1333, 1337 (S.D. Fla. 2004).

In *Eubanks*, cash taken from a vehicle pursuant to a traffic stop was administratively forfeited. DEA sent notices to the potential claimant and published notice in a national newspaper. Years after the forfeiture, the plaintiff filed a motion for return of the money. The court concluded that because the person seeking return of the money had the opportunity to dispute the basis for the forfeiture and failed, without explanation, to do so, the district court could not exercise equitable jurisdiction. *Id.* at 674.

In this case, the Plaintiffs have not disputed that they received adequate notice in the forfeiture case. The Plaintiffs also have not argued that they were precluded from filing a claim or that they could not have challenged jurisdiction in the forfeiture case.[2] Therefore, other than

---

[2] In fact, cases relied upon by the Plaintiffs involved claimants to forfeited property who raised jurisdictional issues in the forfeiture proceedings. *See, e.g., United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120 (7th Cir. 1991). Other cases cited by the Plaintiffs, which pre-date the CAFRA, involve procedural challenges. *See, e.g., Scarabin v. DEA*, 966 F.2d 989 (5th Cir. 1992).

the length of time which lapsed between administrative forfeiture and the potential claimants' response, the instant case is indistinguishable from *Eubanks*. Accordingly, this court finds that it cannot exercise equitable jurisdiction in this matter.

Because the court does not have subject matter jurisdiction in this case, it cannot reach the question raised by the Plaintiffs of the propriety of jurisdiction in the forfeiture case.

## V. CONCLUSION

For the reasons discussed it is hereby ORDERED that the Motion to Dismiss (Doc. #5) is GRANTED, and the case is DISMISSED for lack of jurisdiction.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 17th day of August, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE