IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Jacquard Merritt | * |
| Plaintiff, | * |
| | * |
| VS. | |
| | *   2:07-cv-627 |
| | * |
| Drug Enforcement Administration, | |
| | * |
| | * |
| Defendant. | |
| | * |

**RESPONSE TO SHOW CAUSE WHY THE DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE GRANTED AND MOTION FOR HEARING**

The issue in this case is simple and the law in this case is well settled.  The plaintiff brings this action to dismiss the declaration of forfeiture by the DEA and return the currency to the jurisdiction of the Circuit Court of Montgomery County, Alabama on the ground that the DEA lacked jurisdiction over the currency to initiate forfeiture proceedings and declare the plaintiff's property forfeit.

Prior to the seizure of the currency by the DEA which occurred on September 8, 2006, the Circuit Court of Montgomery, Alabama openly exerted and continues to exert in rem jurisdiction over said currency, which was seized

under Ala. Code 1975 § 20-2-93(b)(4) on July 28, 2006. Said currency is the subject of a quasi in rem state claim opposing forfeiture, 06-CV-2215, which was filed on August 21, 2006, (See Doc 8-2, P. 17).

The law in this area is well settled. Two courts <u>cannot</u> exercise in rem or quasi in rem jurisdiction over the same piece of property at the same time. The court first assuming jurisdiction does so to the exclusion of all other courts (and agencies). See *Penn Gen. Casualty Co. v.. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935); *Scarabin v. DEA* 966 F.2d. 989 (5th Cir. 1992)[ A federal agency cannot obtain jurisdiction over the *res*-and thus cannot find the *res* administratively forfeit-when a state court obtains jurisdiction first and never relinquishes that jurisdiction.]

Since the Circuit Court of Montgomery, Alabama exercised jurisdiction first and had not relinquished such jurisdiction at the time the DEA seized the res at issue, the DEA was barred, as a matter of law, under *Penn General* from exercising jurisdiction to commence forfeiture proceedings.

Since jurisdiction can be raised at any time, this honorable court has the authority and obligation to rule on whether or not the DEA exercised valid jurisdiction to

forfeit the plaintiff's property or whether or not the actions by the DEA were barred under *Penn General.* There is no provision under CAFRA barring this court from addressing the issue of the jurisdiction of the DEA as opposed to addressing the merits of the forfeiture. The two are of different constituents.  CAFRA did not overrule or create an exception to the bar in *Penn General*. Jurisdiction is a prerequisite to DEA action.  The DEA's entire case rises and falls solely on this issue.  If there is no valid jurisdiction, the action by the DEA is invalid and the subsequent forfeiture is void.  The government's claim that the plaintiffs remedy is limited solely to the provisions in 18 USC 983(e) pre-supposes jurisdiction and is wholly contingent on whether the DEA exercised valid jurisdiction. "No order in [an] in rem forfeiture proceeding will have any force whatsoever if [the] court entering it does not have jurisdiction over the res." *U.S. v. $506,231 in U.S. Currency* 125 F.3d 442 (7th Cir. 1997).

    The plaintiffs respectfully request a hearing on the matter and oral argument.

                                          Respectfully Submitted,

                                          /s/ Joe M. Reed
                                          Joe M. Reed
                                          Attorney for Plaintiff

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

### Certificate of Service

I hereby certify that the foregoing was served on the Honorable John T. Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic notification this 13th day of September, 2007.

/s/ Joe M. Reed
Joe M. Reed