IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JACQUARD MERRITT** | \* |
| | \* |
|    **Plaintiff,** | |
| | \* |
| |    2:07-cv-00617 |
| **VS.** | \* |
| | \* |
| | \* |
| **Drug Enforcement Administration** | |
| | \* |
|    **Defendant.** | |

### RESPONSE TO ORDER TO SHOW CAUSE

Now comes the plaintiff, by and through the undersigned, and hereby shows unto this Honorable Court why the above styled action should not be dismissed, and why the plaintiffs' motion to set aside or dismiss the forfeiture of the Drug Enforcement Administration, hereinafter "DEA", should be granted. As grounds for such motion, the plaintiff shows unto the Court the following:

### INTRODUCTION

This motion is not based upon the merits of an administrative forfeiture under federal law. The issue is not whether the DEA's administrative forfeiture proceeding complied with all requirements pursuant to federal law, but, whether the DEA could exercise valid subject matter *in rem* jurisdiction to initiate administrative forfeiture proceedings to declare the plaintiffs property forfeit in the first place-given the fact that

the res was, and still is, under the in rem jurisdiction of the Circuit Court of Montgomery, Alabama in CC-06-3237.

The government's conclusions of law are, for the most part, correct in this limited sense: The government's cited case law is correct as it pertains to challenging the *merits* of an administrative forfeiture. This action is not a challenge to the merits of a forfeiture, but a challenge to the jurisdictional authority to initiate the forfeiture proceeding. However, there is an exception to the general rule that the federal courts may not review agency forfeiture decisions. Federal courts may, in their discretion and under certain circumstances, review forfeiture decisions by government agencies. See *Matter of 67,400 in U.S. Currency* 901 F.2d 1540, 1544 (11th Cir.1990). The government also cited the law correctly (though it failed to properly apply it to the instant matter) as it pertains to *in rem* and *quasi in rem* jurisdiction-in that no two courts can exercise jurisdiction over the same res at the same time. Before the merits of the DEA forfeiture can be addressed, federal agency subject matter jurisdiction must be determined first.

The plaintiff invokes the authority of this Court under 28 U.S.C. 1331, 1355, Rule 12 of the Federal Rules of Civil Procedure and its "well established supervisory authority over officers of the court" *Matter of 67,400 in U.S. Currency* 901 F.2d 1540, 1544 (11th Cir.1990) quoting *Hunsucker v. Phinney* 497 F.2d 29 (5th Cir. 1974), and backed by precedents in *Morrison v. Allstate Indem. Co* 228 F.3d 1255 (11th Cir. 2000) [a federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking], *Fitzgerald v. Seaboard Systems R.R. Inc.* 760 F.2d 1249, 1251 (11th Cir. 1985)["A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."] to answer the question of whether or not the DEA could exercise valid in rem jurisdiction to administratively forfeit a res already under the in rem jurisdiction of

2

another court-the Circuit Court of Montgomery, Alabama. For if the DEA could not exercise valid in rem jurisdiction, it could not validly forfeit the plaintiffs' property. And if there is no forfeiture, then the property must be returned to the plaintiffs. Jurisdiction can be raised at any time.

## FACTUAL AND PROCEDURAL HISTORY

**2006**

- **July 26, 2006**-City of Montgomery Police Officers seized $8,000.00 in United States Currency, hereinafter known as the *res,* from Jacquard Merritt under the authority of Ala..Code 1975, Section 20-2-93 (b)(4), averring that the funds were subject to forfeiture in that the funds were used or intended to be used in a controlled substance crime. However, no criminal charges were filed against Merritt regarding the use of the funds and a controlled substance violation. By using the above cited statute, and the incident taking place in Montgomery County, jurisdiction of the Circuit Court of Montgomery County, Alabama was automatically invoked.

- **August 8, 2006**- Jacquard Merritt files a claim with City of Montgomery, herinafter "City" regarding his money and demanding its return.

- **August 21, 2006**- Jacquard Merrit institutes an *in rem* or quasi *in rem* action by filing suit via a temporary restraining order and motion to return seized money against the City of Montgomery. The filing challenged the seizure of his money and lack of probable cause that his funds are subject to forfeiture under Section 20-2-93, and moved for the return of his seized funds. See Doc#1 Exhibit A.

- **August 28, 2006-** The City of Montgomery conspired with the Drug Enforcement Administration to circumvent the jurisdiction of the State of Alabama by illegally transferring the *res* to the DEA for administrative forfeiture purposes by completing a DAG-71 form in order for the City to receive a 80/20 split of the funds with the DEA instead of the 50/50 split with the State of Alabama. See Doc.#1 Exhibit B.

- **September 8, 2006-**United States Marshall seized the res from the City of Montgomery without permission from the Circuit Court of Montgomery, Alabama. Doc.#1, Exhibit B

- **September 25, 2006** Asset Forfeiture Counsel notifies Merritt through counsel that DEA has seized his money. See Doc.#1 Exhibit C

- **October 25, 2006** the undersigned, on behalf of Jacquard Merritt, sends notification of claim to Asset Forfeiture Counsel plus copy of complaint notifying the asset forfeiture counsel of pending in rem action proceeding in State Court involving the same *res*.  Doc.1, Exhibit D.

- Circuit Judge Eugene Reese orders the plaintiffs and defendants to appear before him on December 13, 2006 regarding the plaintiff's motion and complaint.

- **November 20, 2006**- DEA notifies Reed that Merritt's claim has been received but deems the claim as untimely.

- *December 13, 2006* - Circuit Judge Eugene Reese hears argument of Kim Fehl and Darryl Parker regarding the plaintiff's motion to return seized property. . Fehl's argument centered around the transfer of the funds to DEA for forfeiture purposes and an ongoing administrative forfeiture proceeding, arguing that the transfer was the initiation of forfeiture proceedings.  Parker's argument centered around the jurisdiction of the Circuit Court in the matter and the lack of jurisdiction of the DEA.  Parker also argued lack of probable cause to seize the funds in the first place.  Judge Reese orders that "condemnation and/or forfeiture proceedings be instituted within 30 days or return the money to the claimant." The court does not make a probable cause determination that the funds were, in fact, subject to forfeiture.  After the receiving this court's order, the City of Montgomery immediately removes the matter to Federal Court on December 13, 2006.

**2007**

- **Jan 5, 2007**-United States District Judge Mark E. Fuller orders City of Montgomery to show cause why the court has jurisdiction of the matter, given that the action is pending in the Circuit Court of Montgomery, Alabama.  See Plaintiff's Exhibit H.

- *January 16, 2007-*neither the City of Montgomery nor the Drug Enforcement Administration file forfeiture action in the United States District Court or the Circuit Court of Montgomery County per Judge Reese's order that condemnation be filed within 30 days.

- **Jan 26, 2007**- City of Montgomery files response to Judge Fuller's Show Cause Order.

- **January 30, 2007**-Drug Enforcement Administration issues Declaration of Forfeiture, some FORTY-EIGHT DAYS after this court's order, claiming that no one claimed the res transferred by the City of Montgomery.

- **Feb 9, 2007**-Merritt responds to City of Montgomery's response to Judge Fuller's show cause order.

- **March 27, 2007**-Judge Fuller remands case back to Circuit Court declining jurisdiction and concluding that the matter itself is concluded and thus not removable.

- **April 18, 2007** Merritt files motion for sanctions for non-compliance with order

- **April 25, 2007**-City responds to motion for sanctions.

- **April 30, 2007**-Order by Judge Reese granting Plaintiffs motion for sanctions.

- **May 1, 2007**-Oral order by Judge Reese reversing order of sanctions.

## ISSUES AND QUESTIONS

The issue before the court is purely jurisdictional. The question before the court is whether the DEA could validly exercise *in rem* jurisdiction to administratively forfeit a res, which was already under the *in rem* jurisdiction of the Circuit Court of Montgomery, Alabama. The plaintiffs believe the answer to that question is, No.

## IN REM JURISDICTION

As admitted by the United States, the law as it pertains to *in rem* jurisdiction is well settled. "Since the earliest days of the Republic the rule has been established that, when state and federal courts each proceed against the same *res,* the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935).* "The purpose of the rule is '[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction.' *Id.* (citations omitted). In this context, we have previously recognized that comity requires the dismissal of federal

5

forfeiture proceedings when a state court has jurisdiction over a res as a result of continuing state forfeiture proceedings or when a state statutory scheme vests lawful authority over a res in state court." See *United States v. One 1987 Mercedes Benz Roadster 560 SEC...* 2 F.3d 241 (7th Cir. 1993) citing *United States v. $79,123.49* 830 F.2d 94, 96-99, (7th Cir. 1987); See *Scarabin v. DEA* 966 F.2d. 989 (5th Cir. 1992)[ A federal agency cannot obtain jurisdiction over the *res*-and thus cannot find the *res* administratively forfeit-when a state court obtains jurisdiction first and never relinquishes that jurisdiction]. "Thus, a federal court must yield to a prior state proceeding." *United States v. $25,000.00 in U.S. Currency* 2003 WL 22159054. Federal Courts have held that forfeiture actions under 21 U.S.C. 881 are actions in rem. See *U.S. v. Ursery* 518 U.S. 267, 288-289 (1996), *U.S. v. Carrell* 252 F.3d 1193, 1199 (11th Cir.2001). Alabama courts have held that forfeiture proceedings under Ala. Code § 20-2-93 are likewise *in rem*. See *Money v. State* 717So.2d 38, 46 (Ala.Cr.App.1997)[forfeitures under 21 U.S.C.881 are *in rem* and like forfeitures under §20-2-93], *Ex parte Kelly* 766 So.2d 837 (Ala. 1999), *Ex parte Koger* 110 So. 573 (Ala. 1926) *Wherry v. State ex rel Brooks* 637 So.2d 1353, 1355 (Ala.Cv.App. 1994). There is no dispute that the action in the Circuit Court of Montgomery County, Alabama pre-dates the seizure of the res by the DEA and the subsequent forfeiture proceeding. The remaining question is whether the Circuit Court of Montgomery County exercised valid *in rem* jurisdiction over the seizure pursuant to state statute and whether proceedings pursuant to that statute are *in rem* or *quasi in rem*. In making this determination, federal courts look to relevant state statutes and case law. See *United States v. One 1987 Mercedes Benz Roadster 560 SEC...* 2 F.3d 241 (7th Cir. 1993) citing *United States v. $79,123.49* 830 F.2d 94, 96-99, (7th Cir. 1987);

6

See *Scarabin v. DEA* 966 F.2d. 989 (5th Cir. 1992), *United States v. $25,000.00 in U.S. Currency* 2003 WL 22159054.

**JURISDICITION OF ALABAMA COURTS**

**REGARDING FORFEITURE AND/OR IN REM OR QUASI IN REM ACTIONS**

According to Code of Alabama 1976, §12-11-30, Alabama courts have *exclusive* original jurisdiction, shared only with the state district courts, of *all* civil actions in which the amount of controversy exceeds $3,000.00. § 20-2-93,Code of Alabama, 1976, is the civil forfeiture statute and Alabama courts have held that proceedings pursuant to that statute are *in rem*. "[A] civil forfeiture action is not an action in personam against the owner or claimant of the property; rather, it is an action *in rem* against the property itself." *Wherry v. State ex rel Brooks* 637 So.2d 1353, 1355 (Ala.Cv.App. 1994) quoting *United States v. One Parcel of Property,* 964 F.2d 814 (8th Cir.1992). The Alabama Supreme Court has held that Alabama courts have exclusive jurisdiction regarding *in rem* actions. See *Ex parte Consolodated Graphite* 129 So. 262, 265 (Ala. 1930)[ "The well-established rule is that where the action is in rem, as in this case, that court which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the res."] Since this action involves an amount in excess of $3,000.00, and is determined to be an action *in rem*, the plain language of the statute as well as controlling case law does not invite federal encroachment, but seemingly specifically bars it.

In *Garrett v. State 739So.2d 49, 52* (Ala.Cv.App. 1999), the Alabama Court of Civil Appeals addressed subject matter jurisdiction of Alabama courts and classification of civil actions pursuant to seizures by local police using Ala. Code. § 20-2-93 as being *in rem*, and vesting jurisdiction exclusively in Alabama courts, not subject to divestment.

7

> In *City of Gadsden v. Jordan,* [Ms. 2970342, July 31, 1998] --- So.2d ---- (Ala.Civ.App.1998), this court explained the basis of subject-matter jurisdiction in a forfeiture proceeding:
>
>> "A civil forfeiture proceeding is an action *in rem* against the property itself. *Wherry v. State ex rel. Brooks,* 637 So.2d 1353, 1355 (Ala.Civ.App.1994).
>> " 'To have subject matter jurisdiction in an *in rem* proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy.'
>> "*Ruth v. Department of Legal Affairs,* 684 So.2d 181, 185 (Fla.1996). As a court of general jurisdiction, the circuit court had jurisdictional authority to adjudicate the class of cases to which this action belongs. *See* Ala. Const. Amend. 328, § 6.04(b). The circuit court also had jurisdictional authority over the property that is the subject matter of the controversy. *See Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80[, 113 S.Ct. 554, 121 L.Ed.2d 474] (1992). A court acquires jurisdiction over the property in an *in rem* proceeding when the res is validly seized and brought within the control of the court. *Id.* at 84-85[, 113 S.Ct. 554]. In Alabama, the res is validly seized either pursuant to 'process issued by [a] court,' *see* § 20-2-93(b), Ala.Code 1975; *Brown & Hagin Co. v. McCullough,* 194 Ala. 638, 69 So. 924 (1915), or pursuant to one of the exceptions listed in § 20-2-93(b)(1)-(4), Ala.Code 1975.... In order to have subject matter jurisdiction in a forfeiture case, 'the court must have actual or constructive control of the res when an *in rem* forfeiture suit is initiated.' *Republic Nat'l Bank of Miami v. United States,* 506 U.S. at 86[, 113 S.Ct. 554]. '[J]urisdiction, once vested, is not divested.' *Id.* at 84[, 113 S.Ct. 554]."

The res was brought in control of the court when Montgomery Police Officers seized the plaintiffs money pursuant to § 20-2-93(b)(4). The court had custody and/or constructive control of the res by virtue of state statute in that §20-2-93 (d) states that "property seized under this section … is deemed to be in the custody of the municipal, county, or state law enforcement agency subject only to the orders of the court having jurisdiction over the forfeiture proceedings."

The DEA's conclusion that the action before the Circuit Court of Montgomery, Alabama is in personam and not *in rem* because of the caption on the pleadings is in contrary to Alabama law and is nothing more than form over substance. Alabama rules of civil procedure require only notice pleadings regarding filings and jurisdiction is presumed. Alabama defines a *quasi in rem* action as "an action against a person in respect of a res…" *Ex parte Bruner* 749 So.2d 437, 440 (Ala. 1999). The action filed in the Circuit Court of Montgomery County against the City of Montgomery and individual

8

officers is "in respect of the res". The action filed by the plaintiff is *in rem* or at the least *quasi in rem* and merely "jump started" the forfeiture proceeding wherein the plaintiffs' action provided a forum for the forfeiture interests of the City of Montgomery and/or the State of Alabama to be pled and heard.

**ADOPTIVE FORFEITURE DOCTRINE**

The DEA contends that in adopting the seizure from the City of Montgomery and proceeding under 21 USC 881, it was given exclusive jurisdiction as to the forfeiture proceeding. However, the doctrine does not divest states of validly exercised jurisdiction. Although not specifically advocated in its motion, it seemingly implies that it does. This assertion, if it is implied, is in error and is in accurate. In <u>United States v. $79,123.49</u> 830 F.2d 94, 96-99, (7th Cir. 1987) disagreed with the government in a similar assertion where the government relied on 21 U.S.C. Section 881, where the Court stated

> Finally, the government relies on the unique properties of 21 U.S.C. § 881 as establishing district court jurisdiction in this case. The government notes that exclusive jurisdiction of actions under § 881 belongs in the federal courts. *See* 28 U.S.C. § 1355. This hardly establishes that the state court lacked jurisdiction, however, since that court was proceeding under a valid Wisconsin forfeiture statute. The United States does not argue that § 881 preempts state forfeiture actions, nor could it, given Congress' clear contrary intent. *See* 21 U.S.C. § 903 (anti-preemption provision of Controlled Substances Act).

Obviously, if such a contention was accurate, <u>Penn Casualty</u> would cease to be the law of the land.

**STATUTORY BAR UNDER 18 U.S.C. 983 (e)**

The government contends that 18 U.S.C. Section 983(e) is the exclusive remedy to set aside a Declaration of Forfeiture by the DEA, and that the plaintiffs motion must be set aside because the plaintiffs have not complied with this statute. The government's contention is true only if the DEA had valid jurisdiction under 21 U.S.C. 881 to forfeit the property in the first place, and/or if the motion was attacking the merits of the case.

9

The government misapprehends the entire issue in the case.  The plaintiffs do not have to comply with the procedural requirements of 18 U.S.C. 983(e) if the DEA does not have valid jurisdiction to declare a res forfeit. The plaintiffs claim jurisdiction and jurisdictional grounds , the grounds the plaintiffs raise are not required to be pled according to 18 U.S.C. Section 983(e).  Again, this action is not an attack on the merits of the forfeiture, but the jurisdictional authority of such forfeiture, which by definition is not the merits. In short, the government cannot use a legal defense in an illegal action.

Moreover, this court's exercise of equitable jurisdiction would be proper as the remedy at law under 18 U.S.C. 983(e) is inadequate to address the issue of jurisdiction.

## **CONCLUSION**

The application of the law is straightforward. Proceedings under 21 U.S.C. 881 are in rem and proceedings under Ala. Code Section 20-2-93 are both in rem. Both the United States Supreme Court and the Alabama Supreme Court are in agreement that two courts cannot exercise in rem jurisdiction over the same res, and that the first to exercise jurisdiction over the res does so to the exclusion of all other courts (and agencies).

Since the Circuit Court of Montgomery, Alabama exercised valid jurisdiction and CC-06-3237 pre dates the seizure, and subsequent forfeiture proceedings of the DEA, the administrative forfeiture by the DEA is without valid jurisdiction and is thereby void as a matter of law and is due to be set aside and the res returned to the plaintiffs and or their representatives.

Wherefore, premises considered, the plaintiffs pray that this court grant their motion to set aside the administrative forfeiture of the DEA and return the plaintiffs their money.

Respectfully Submitted,

/s/ Joe M. Reed
Joe M. Reed
Attorney for Plaintiffs

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

## Certificate of Service

I hereby certify that the foregoing was served on the Honorable John T. Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic notification this 5th day of August, 2007.

___/s/ Joe M. Reed___
Joe M. Reed