```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION

Jacquard Merritt,                )
                                 )
     Plaintiff,                  )
                                 )
vs.                              )    CASE NO. 2:07cv627-WKW
                                 )
Drug Enforcement Administration  )
                                 )
     Defendant.                  )
```

### DEFENDANT'S REPLY TO RESPONSE TO MOTION TO DISMISS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and, on behalf of defendant Drug Enforcement Administration, hereby states as follows:

1. <u>Plaintiff's Argument Is Not Applicable To The Issues Raised By The United States</u>.

   Plaintiff argues that Section 12-11-30, Code of Alabama (1975) grants the courts of Alabama exclusive original jurisdiction over civil actions where the amount in controversy exceeds $3,000. They also argue that Section 20-2-93, Code of Alabama (1975) is "the civil forfeiture statute" and all actions pursuant thereto are *in rem*. Accordingly, he argues that "the plain language of the statute as well as controlling case law does not invite federal encroachment, but seemingly specifically bars it." This argument is based upon a court action in the State Circuit Court in Montgomery, Alabama (Action Number CV-06-2215-R) which plaintiff contends conferred *in rem* jurisdiction upon the state court over

the *res* at issue. Based upon the above styled action and the statutes cited, Plaintiff asserts that only the state court can have *in rem* jurisdiction in this matter.

Without comment on this novel position, the United States asserts that, even if plaintiff's position is correct, it is unavailing in the present case.

A simple review of the Complaint in the above cited State case reveals that neither Section 12-11-30 or Section 20-2-93 of the Code of Alabama (1975) is cited as authority, basis or jurisdiction for the action. Moreover, the Complaint clearly seeks relief (i.e., an injunction) not available under *in rem* jurisdiction.

A reading of Section 20-2-93 clearly reveals that it is a remedy available only to "state, county or municipal law enforcement agencies" (See Section 20-2-93(b)) to be confirmed by actions filed by the "officer in the county or the Attorney General of the state". (See Section 28-4-286, Code of Alabama (1975) made applicable to such cases by Section 20-2-93(h).

Unless the plaintiff is asserting that he has authority to file condemnation actions on behalf of the State of Alabama, the action filed by him in state court cannot be brought pursuant to the cited statutes. Any argument that a state court had *in rem* jurisdiction over this *res* founders upon the fact that no state court action, which allows for *in rem* jurisdiction, has been filed to date.

2.  <u>Statutory Bar</u>.

The United States asserts that 18 U.S.C. § 983(e) is the exclusive remedy to set aside a Declaration of Forfeiture by DEA. The plaintiff has not complied with that statute and has cited no authority as to why this bar is not applicable. Plaintiff's complaint is barred by statute and must be dismissed.

Respectfully submitted this 12th day of October, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                         LEURA G. CANARY



                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    131 Clayton Street
                    Montgomery, Alabama 36104
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
```

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney