IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUARD MERRITT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-627-WKW |
| ) | |
| DRUG ENFORCEMENT ) | |
| ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jacquard Merritt ("Merritt") brought this action seeking declaratory and injunctive relief, an order to set aside the administrative forfeiture by Defendant Drug Enforcement Administration ("DEA"), as well as the release and return of $8,000. (Compl.)[1] This cause is before the court on a Motion to Dismiss (Doc. # 7) filed by the DEA on September 5, 2007. For the reasons given below, the motion to dismiss will be granted.

**I. FACTS AND PROCEDURAL HISTORY**

On July 28, 2006, the City of Montgomery, Alabama Police Department seized $8,000.00 in United States currency from Merritt during a traffic stop. (Compl. ¶¶ 1-3.)

On August 21, 2006, Plaintiff filed a Temporary Restraining Order and Motion for Release and Return of Seized Money in the Circuit Court of Montgomery County against the

---

[1] Although Merritt titled the document, "Motion to Set Aside Forfeiture and Motion for Release and Return of Seized Money," it is, in fact, a complaint that meets the general rules of pleading of Rule 8 of the Federal Rules of Civil Procedure.

City of Montgomery, Arthur Baylor, T.D. James, Henry Davis, and others officially and individually. (*Id*. ¶ 5, Ex. A.) The seized money was not named as a defendant, and the DEA was not yet involved in the matter.

On August 23, 2006, the DEA adopted the seized money for federal forfeiture pursuant to 21 U.S.C. § 881. (Hieronymus Decl. ¶ 1.) On September 6, 2006, the United States Marshal seized the money from the City of Montgomery. (Compl. Ex. B.) On September 20, 2006, the DEA's Asset Forfeiture Counsel sent both Merritt and Merritt's counsel Certified Notice of Seizure Letters that included the procedure and time deadline (October 25, 2006) for submitting a valid claim. (Hieronymus Decl. § 4.) The Seizure Letter stated that a claim is deemed filed "**WHEN RECEIVED BY THE DEA** . . . ." (DEA's Mem. Br. Ex. 1.)

On October 30, 2006, the DEA received a letter from Merritt's counsel postmarked October 25, 2006, making a claim to the money. (DEA's Mem. Br. Ex. 8.) Also included was a copy of the state court complaint. (*Id*.) The DEA rejected the claim as untimely. (Hieronymus Decl. ¶ 7.)

On November 8, 2006, Merritt amended the state court complaint to show 42 U.S.C. § 1983 as the basis for jurisdiction. (Compl. Ex. G1.) Neither the DEA nor the seized money was named as a defendant in the amended state court complaint. (*Id*.)

On January 30, 2007, the money was declared forfeited. (Hieronymus Decl. ¶ 4.) On March 2, 2007, the DEA received a request from Merritt to reconsider the denial of the

claim. (*Id*. ¶ 10.) On May 3, 2007, the DEA denied the request for reconsideration. (*Id*. ¶ 11.) Merritt does not allege that the forfeiture was improperly executed. The complaint in this case was filed on July 9, 2007.

## II. JURISDICTION AND VENUE

As discussed below, the court has only limited subject matter jurisdiction over this action. However, the parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III. STANDARD OF REVIEW

Because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), subject matter jurisdiction must exist before a court can decide any issues presented in a case. The court construes the DEA's motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such motions to dismiss may attack jurisdiction either facially or factually. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where, as here, a party properly raises a factual question regarding the court's jurisdiction, the court is not bound to accept as true the jurisdictional allegations in the complaint. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The court may look beyond jurisdictional allegations and view the evidence submitted to determine its jurisdiction. *Id*. The party averring jurisdiction has the burden of proof on a Rule 12(b)(1) motion. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

3

## IV. DISCUSSION

*A.    Subject Matter Jurisdiction*

The DEA argues the case should be dismissed because Merritt is attempting to circumvent the administrative forfeiture process by collaterally attacking the seizure rather than following the prescribed rules regarding making a claim for forfeited property. In other words, the DEA suggests that Merritt is attempting to the have the court review the merits of the forfeiture. Merritt asserts that he is not arguing the merits, but rather is challenging the jurisdiction of the DEA to administratively forfeit the money in the first place. For the court to determine any issue relating to the DEA's jurisdiction in this matter, the court itself must first have subject matter jurisdiction.

In Merritt's Motion to Set Aside Forfeiture and Motion for Release and Return of Seized Money, which the court has construed as a complaint, he asserts that jurisdiction is conferred on the court by the following: 5 U.S.C. § 706 (judicial review of agency action), 28 U.S.C. § 1331 (federal question), 21 U.S.C. § 881 (forfeitures), 21 U.S.C. § 877 (judicial review of the final determinations of the Attorney General) , Fed. R. App. P. 15(a) (review of an agency order), Fed. R. Crim. P. 41(g) (motion to return property), and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Assuming *arguendo* that one of these provisions might confer jurisdiction upon the court under some circumstance, district courts nevertheless do not have jurisdiction to review the merits of a properly executed administrative forfeiture. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir.

2005). The court's review is limited to deciding whether the agency properly followed the procedural safeguards in place at the time of the forfeiture. *Id.*

The Civil Asset Forfeiture Reform Act of 2000, codified, in part, at 18 U.S.C. § 983, sets forth the exclusive remedy for a party who seeks to set aside a declaration of administrative forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e).[2] Accordingly, the only issue this court can address is whether Merritt was given reasonable written notice of the nonjudicial civil forfeiture of the money in sufficient time to file a claim with the agency.

Merritt does not allege that he was not given adequate notice of the impending forfeiture of the money. Both Merritt and Merritt's counsel received Certified Notice of Seizure Letters within ninety days of the City of Montgomery's seizure, pursuant to 18 U.S.C. ¶ 983(a)(1)(A)(iv). (Compl. Ex. B.) Merritt was given thirty-five days to file a claim with the DEA before the money was declared forfeited, pursuant to 18 U.S.C. ¶ 983(a)(2)(B).

---

[2] This subsection governs motions to set aside forfeiture:
(e) Motion to set aside forfeiture.--

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
>
>> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>>
>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> . . . .
>
> (5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

(*Id.*) The DEA properly executed the civil forfeiture procedure pursuant to 18 U.S.C. § 983, while Merritt failed to timely respond to the notice. The deadline set for filing a claim with the DEA was October 25, 2006, and Merritt did not file his claim until October 30, 2006. Therefore, the notice given to Merritt was adequate, and there is no basis for further judicial review.

### B.     *Equitable Jurisdiction*

There are limited circumstances in which a federal court may exercise equitable jurisdiction over civil forfeiture decisions by agencies. *In re Matter of $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990). "The decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999). Equitable jurisdiction may be appropriately exercised in order to prevent a "manifest injustice." *Id*. However, it is not appropriate for a court to exercise its equitable jurisdiction "to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law." *Id*. Here, both Merritt and Merritt's counsel received adequate notice of the impending forfeiture and had thirty-five days to file a claim. The claim was not timely filed, and there is nothing in the record explaining the delay.[3] Therefore, this court will not exercise its equitable jurisdiction over this matter.

### C.     *DEA's Jurisdiction over the Seized Money*

---

[3] Additionally, Merritt exercised his option to file a request for reconsideration of forfeiture with the DEA, which was subsequently denied.

Although the court has jurisdiction over the procedural aspects of the administrative forfeiture, it cannot reach Merritt's argument that the DEA did not have proper jurisdiction over the seized money because the court lacks jurisdiction over the merits. That argument would have properly been before the DEA for administrative determination had a timely claim been filed.

## V. CONCLUSION

For the reasons set forth above, it is ORDERED that the Motion to Dismiss (Doc. # 7) is GRANTED. An appropriate judgment will be entered.

DONE this 31st day of March, 2008.

                                      /s/  W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE