```
          IN THE UNTED STATES DISTRICT COURT
              MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

**Jacquard Merritt,**          \*

                               \*

      **Plaintiff**       \*

                              2:07-cv-00627

                               \*

                               \*

**VS.**

                               \*

**Drug Enforcement Administration**

                               \*

    **Defendant.**

## MOTION TO RECONSIDER

Now come the plaintiffs, by and through the undersigned, and hereby move this honorable court to reconsider the dismissal of the plaintiffs' action. As grounds for such motion the plaintiffs show the court the following:

## INTRODUCTION

The plaintiffs do not seek this court's jurisdiction to review of the merits of the DEA's administrative forfeiture, i.e. whether or not proper notice was given to the plaintiffs, or whether or not

probable cause existed to seize the funds. The plaintiffs seek this court's jurisdiction to review the jurisdiction of the DEA to commence a forfeiture action in the first place. The issue is whether or not the DEA could validly exercise *in rem subject matter jurisdiction* to commence a forfeiture proceeding over a res, given the fact that the res was already under the in rem jurisdiction of the Circuit Court of Montgomery, Alabama. Such issue is critical to the outcome of this matter as it must be determined first before any issues under CAFRA may be raised. The issue of subject matter jurisdiction may be raised at any time. See <u>Liberty Mutual Insurance Co. v. Wetzel</u>, 424 U.S. 737, 740 (1976).

**ARGUMENT**

1. The plaintiffs invoked this courts jurisdiction under 28 U.S.C. 1331-cases involving a federal question.

2. The federal question involved is the holding of the Supreme Court precedent of *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935) and the

longstanding rule of law that the court first assuming in rem or quasi in rem jurisdiction over a res does so to the exclusion of all other courts and agencies.

3. Before a federal court, or agency for that matter, can commence forfeiture proceedings, it must first acquire subject matter jurisdiction and valid in rem jurisdiction.

4. Here, it is undisputed that the Circuit Court of Montgomery, Alabama exercised and continues to exercise valid in rem jurisdiction under Code of Alabama 1975 §20-2-93 or in the alternative quasi in rem jurisdiction *prior* to the DEA seizing the res in order to exercise in rem jurisdiction under 21 U.S.C. §881 over the same res.

5. Since the Circuit Court of Montgomery County Alabama exercised in rem jurisdiction first, and never relinquished such jurisdiction, it did so to the exclusion of the DEA, thus the DEA could not, by law, acquire valid in rem subject matter jurisdiction to commence forfeiture proceedings. Comity requires that the federal courts (and

agencies) give way to state court proceedings under these circumstance when the state action precedes that of the federal action.

6. The plaintiffs believe that this court does, in fact, have subject matter jurisdiction to determine whether or not under *Penn General*, the DEA could acquire valid in rem subject matter jurisdiction to commence administrative forfeiture proceedings over a res which was still under the in rem or quasi in rem jurisdiction of a state court, irrespective of CAFRA.  CAFRA did not overrule, or create an exception to the bar created by *Penn General,* nor did it strip state courts of validly exercised jurisdiction.

7. The Government contends, and the court, thus far, has agreed that the plaintiff's sole remedy to set aside the motion for forfeiture is limited to that which is set out by 18 U.S.C. 983(e). The defendants cite *Valderama v. U.S. ,* 417 F.3d 1189 (11th Cir. 2005).  *Valderama* is distinguishable from the instant matter because in that case the DEA was not barred from commencing forfeiture

procedures against the res because no other court had pre-existing jurisdiction over the same res. The validity of 18 U.S.C. 983(e) being exclusive remedy to set aside forfeiture rests wholly on the presumption that the administrative agency who forfeited the property under 21 U.S.C. 881 acquired valid subject matter jurisdiction to commence the forfeiture proceeding in the first place.

8. Moreover, 18 U.S.C. 983(e) does not and can not adequately provide a remedy or process to challenge the subject matter jurisdiction of the DEA, which is why the court should invoke its equitable jurisdiction in the matter to prevent a manifest injustice.  It would be a manifest injustice to uphold a forfeiture by a federal agency which under Supreme Court case law was barred from asserting jurisdiction to commence the process in the first place, given that the matter was already under the jurisdiction of another court.

9. Additionally, the manner in which the DEA acquired jurisdiction of the res is in direct conflict with established law. Though the DEA is authorized by Congress to accept property from municipalities for forfeiture purposes, this does not convey the authority to municipalities to give said property away.  The City of Montgomery did not have lawful authority to transfer property, under Ala. Code 1975 §20-2-93 without a court order, to the DEA for forfeiture purposes.
10. The plaintiffs have petitioned the DEA for remission of the forfeiture given the above stated facts and law.
11. The plaintiffs request that the District Court withhold a final order on determining jurisdiction until the DEA has rendered its decision on the plaintiffs request for remission of the forfeiture.

## Conclusion

It is of no consequence what decision the DEA came to as it pertains to the plaintiffs property, or how old the decision is, or whether or not the DEA gave

adequate notice of the impending forfeiture if the DEA never acquired valid in rem subject matter jurisdiction.  The DEA's administrative forfeiture is valid <u>only</u> if the DEA exercised valid in rem subject matter jurisdiction.  The DEA could not exercise valid in rem subject matter jurisdiction under 21 U.S.C. 881 while the Circuit Court of Montgomery County, Alabama was exercising in rem jurisdiction under Ala. Code §20-2-93 or quasi in rem jurisdiction first, nor where the transfer of seized property had been unlawful.  The plaintiffs were already in state court on the same matter regarding the same property and the fact that the plaintiffs did not contest the forfeiture by timely responding to the notices is moot because the DEA was barred from asserting jurisdiction under *Penn General*.

Equitable jurisdiction is proper here to prevent a manifest injustice by allowing an agency without valid jurisdiction to forfeit property.  Furthermore, the merits of the case are not at issue because subject matter jurisdiction is not part of the merits of the case.

          Respectfully Submitted,

          /s/ Joe M. Reed
          Joe M. Reed
          Attorney for Plaintiffs

Address of Counsel:
Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

**Certificate of Service**

I hereby certify that the foregoing was served on the Honorable Tommie Hardwick, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic notification this 10th day of April, 2008.

          /s/Joe M. Reed
          Joe M. Reed