IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUARD MERRITT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )    CASE NO. 2:07cv627-WKW |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

     Comes now the United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and Tommie Brown Hardwick, Assistant United States Attorney, and, on behalf of defendant Drug Enforcement Administration, hereby submits the following response to Plaintiff's motion for reconsideration (Doc. #16) pursuant to this Court's order (Doc. #17):

**I.    PERTINENT FACTS AND PROCEDURAL HISTORY RELATED TO PLAINTIFF'S MOTION FOR RECONSIDERATION.**

     On January 30, 2007, the defendant Drug Enforcement Administration ("DEA") forfeited $8,000 in United States currency from Plaintiff Jacquard Merritt ("Merritt"). (Hieronymus Decl. ¶4(h)). The currency was seized on July 28, 2006, by police officers of the City of Montgomery. (Compl. ¶1).

     On August 21, 2006, Plaintiff filed a Temporary Restraining Order and Motion for Release and Return of Seized Money in the Circuit Court of Montgomery County against the City of Montgomery, Arthur Baylor, Chief of Police, T.D. James, Henry Davis, and

Unnamed Montgomery Police Officers, individually and officially, case number CV-06-2215-R. (Compl. ¶5). Plaintiff elected not to include the seized currency in the named parties. Additionally, on November 8, 2006, Plaintiff amended the suit under 42 U.S.C. § 1983, and again failed to name DEA or the $8,0000 currency as a party to the action.

On August 23, 2006, the DEA Field Office in Montgomery, Alabama, adopted this seizure. (Hieronymus Decl. ¶1). On January 30, 2007, the money was forfeited.[1] *Id.*

Plaintiff's motion for reconsideration presents one issue, "whether or not the DEA could validly exercise in rem subject matter jurisdiction to commence a forfeiture proceeding over the res, given the fact that the res was already under the in rem jurisdiction of the Circuit Court of Montgomery, Alabama." (Doc. #16, p. 2). Plaintiff seeks equitable review in determining this issue to prevent a manifest injustice. (Doc. #16, p. 7). Based upon the facts and case law sited by Plaintiff, the motion to reconsider should be denied.

## II.  JURISDICTION AND VENUE

Although the general rule is that federal courts lack jurisdiction to review the merits of a forfeiture decision,

---

[1] Plaintiff does not challenge "whether or not proper notice was given to [P]laintiffs, or whether or not probable cause existed to seize the funds." (Plaintiff's Motion To Reconsider, Doc. #16, pp. 1-2).

"federal courts under limited circumstances may exercise equitable or anomalous jurisdiction over agency forfeiture decisions." *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543-44 (11th Cir. 1990). This Circuit has held that "[t]he decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint" only in "exceptional cases."  However, "it is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law."  *Id.* a 1545.

### III. DISCUSSION

Plaintiff has not presented this Court with any additional evidence, arguments or legal authority that would support a different ruling in this case.  The only legal authority presented by Plaintiff is the holding and reasoning in *Penn General Casualty Co. v. Commonwealth*, 294 U.S.189, 55 S.Ct. 386 (1935).  The plaintiff misreads the holding in *Penn General*.

*Penn General* involved a dispute between the federal District Court and the insurance commissioner of the Commonwealth of Pennsylvania and their respective jurisdiction over the liquidation of the business affairs of an insolvent Pennsylvania insurance corporation.  294 U.S. 189, 191.  The shareholders filed a complaint against the company in the District Court for Eastern

3

Pennsylvania on November 17, 1933. *Id.* On December 8, 1933, while the suit was pending in the District Court, the Attorney General of the state filed what is referred to as a "suggestion" with the court of common pleas of Dauphin County. *Id.* at 192. On the same day the court of commons granted a show cause order and enjoined the company from transacting business and from disposing of company assets. *Id.* On December 14, 1933, the company answered the federal District Court suit including a reference to the pending proceeding in the court of common pleas. Also on December 14, the court of common pleas issued a restraining order prohibiting the officers or agents from transacting business and from disposing of company assets. *Id.* at 193. The very next day the federal District Court, referencing the pendency of the court of common pleas, restrained the officers and agents from interfering in any way with the company. *Id.* The company received both restraining orders on the same day. *Id.*

The court of common pleas entered its final decree on March 14, 1943, dissolving the company and directing the insurance commissioner to take possession of and liquidate the business. *Penn General*, 294 U.S. 189, 193. The federal District Court did not hold a final hearing and "because of the restraining order of that court, the company ...refused to comply with the demand of the commissioner for the surrender of its property in conformity with the decree of the state court." *Id.*

The question on appeal was "whether the state court has given proper effect to the proceedings and the order of the federal court." *Id.* at 195. In *Penn General*, the Supreme Court held that,

> "[w]here the judgment sought is strictly in personam, for the recovery of money or for an injunction compelling or restraining action by the defendant, both the state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other." (citations omitted)

294 U.S. 189, 195. On the other hand, the Supreme Court held that,

> But, if the two suits are in rem or quasi in em, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, (citations omitted) and to protect the judicial process of the court first assuming jurisdiction, (citations omitted) the principal, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

*Id.* The government does not disagree with the principals of law articulated by the Supreme Court in *Penn General*. However, Plaintiff has failed to include the final holding which states,

> Although the District Court has thus acquired jurisdiction, the end sought by the litigation in the state court is the liquidation of a domestic insurance company by a state officer. In the absence of a showing that the interests of creditors and shareholders would not be

> adequately protected by this procedure, the case was a proper one for the District Court, in the exercise of judicial discretion, to relinquish the jurisdiction in favor of the administration by the state officer.

*Id.* at p. 197. In the instant case, the government does not concede that DEA did not have jurisdiction of the res to commence an administrative seizure. The government views Plaintiff's state action as an in personam action since it is against individuals in their individual and official capacity. Assuming *arguendo*, that the state court action filed by the Plaintiff did include the $8,000 res and is in rem, the Circuit Court relinquished its jurisdiction. That is, on December 13, 2006, the Circuit Court ordered that unless a forfeiture or condemnation is filed within thirty (30) days, the $8,000 is ordered returned. (See attachment G1).[2] Thus, as in *Penn General*, the court having jurisdiction over the property may relinquish it. The government submits that to the extent the Circuit Court of Montgomery County had any jurisdiction of the res which was not named in the action, it relinquished its jurisdiction to the party who filed the forfeiture proceeding. In this case, the party that filed the forfeiture proceeding was the DEA.

Finally, since Plaintiff "elected to forego an adequate remedy at law" to challenge the jurisdiction of DEA over the res, he

---

[2] Judge Reese does not state in which court the proceedings should be filed, only that a condemnation or forfeiture proceeding should be initiated within 30 days or proceeds returned.

should not be permitted to circumvent the proper procedures to challenge the administrative forfeiture of the $8,000.

**CONCLUSION**

For the reasons stated above, the Plaintiff has not set forth sufficient grounds for this Court to invoke its equitable jurisdiction. Moreover, the government submits that this Court's Memorandum Opinion and Order (Doc. #14) clearly applies the applicable law to the facts of this case.

Respectfully submitted on this 30th day of April, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Bar Number: ASB4152 W86T
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joe Reed, Jr.

Respectfully submitted,

**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney

EWR

IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA
15TH JUDICIAL CIRCUIT

Jacquard Merritt           *

   Plaintiff,           *

                                 *     CV-06-2215

VS.                        *

                                 *

City of Montgomery, et al.,    *

                                 *

   DEFENDANTS.           *

## AMENDED COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and moves this Honorable Court for declaratory and injunctive relief and an Order releasing and returning to him certain personal property belonging to him unlawfully seized by the Montgomery, Alabama Police Department which is currently being held by the United States of America or its agent, the Drug Enforcement Administration, to wit: Eight Thousand Dollars ($8,000) in lawful United States currency. As grounds Plaintiff shows the Court the following:

### JURISDICTION

Jurisdiction is conferred via 42 U.S.C.A. §1983

**EXHIBIT G1**

### PARTIES

City of Montgomery is a municipality created by and recognized by the legislature of the State of Alabama. Plaintiff avers that the City of Montgomery

12/15/06 DEFENDANT ORDERED TO RETURN MONEY TO PETITIONER WITHIN 30 DAYS, UNLESS CONDEMNATION OR FORFEITURE PROCEEDINGS ARE FILED. CASE DISMISSED. [signature]   cc: Joe Reed