**IN THE UNTED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **Jacquard Merritt** | * |
| **Plaintiff,** | * |
| | * |
| VS. | 2:07-cv-627 |
| | * |
| | * |
| **Drug Enforcement Administration,** | |
| | * |
| **Defendant.** | * |

**REPLY TO GOVERNMENT'S RESPONSE**
**TO PLAINTIFF'S MOTION TO RECONSIDER**

The United States District Court does have jurisdiction to hear federal questions under 28 U.S.C. 1331. The federal question involved in this case is the unlawful exercise of jurisdiction by a federal agency and the Supreme Court precedent which the federal agency's action runs afoul. The merits of the forfeiture are not at issue, thus this court can exercise jurisdiction. The law of jurisdiction is not part of the merits of a forfeiture.

The Supreme Court of the State of Alabama and the Supreme Court of the United States hold that two courts can not exercise jurisdiction over the same piece of property at the same time. The one to exercise jurisdiction first, does so to the exclusion of all other courts. *Ex parte Consolodated Graphite* 129 So 262, 265 (Ala.1930), *Penn General Casualty Co. v. Pennsylvania* 294 U.S. 189, 195 (1935). The rule is the same for *in rem* and *quasi in rem* actions. Id at 195. Additionally, when one court has jurisdiction, it can

enjoin proceedings in the latter. See *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). The foregoing being the law of both sovereigns, jurisdiction rests with the Circuit Court of Montgomery County solely, as the action in the Circuit Court predates the seizure of the res by the DEA and the action in that court is *quasi in rem*. It is a legal impossibility for the DEA to exercise *in rem* jurisdiction while the state court was exercising *quasi in rem* jurisdiction. The fact that the DEA completed their forfeiture process is of no consequence and that did not confer nor legitimize their jurisdiction.

On August 21, 2006, the plaintiff filed a *quasi in rem* action in state court, by motion, pursuant to the state statute, against state actors, pursuant to their actions under state law, Alabama Code 1975, Section 20-2-93(b)(4). Alabama Courts have held proceedings under the statute which the property was seized to be *in rem*. See *Money v. State* 717 So.2d 38, 46 (Ala.Cr.App. 1997). Alabama Courts had lawful jurisdiction at the time of the state court filing under state law and established case law. See *Garrett v. State* 739 So.2d 49, 52 (Ala. Civ. App. 1999) quoting *City of Gadsden v. Jordan* ----So.2d----(Ala.Civ.App.1998) "A(n) (Alabama) court acquires jurisdiction over the property in an *in rem* proceeding when the res is validly seized and brought within the control of the court. In Alabama the res is validly seized either pursuant to "process issued by a court, or pursuant to one of the exceptions listed in Sections 20-2-93(b)(1)-(4). **Jurisdiction once vested is not divested**."

Federal Jurisdiction is acquired when a federal agent seizes the property. See *U.S. v. 506,231* 125 F.3d 442, 449 (7th Cir. 1997). The federal agent did not seize the res at issue until September 8, 2006, **after** the filing of the *quasi in rem* action in the Circuit

2

Court of Montgomery, Alabama. See Exhibit B. Although the DEA has a lawful forfeiture process, the existence of that process, or the commencement of that process, or the completion of that process does not vest jurisdiction. The DEA never acquired valid jurisdiction to commence the process, because the circuit court was exercising jurisdiction and the DEA never received a turnover order from that court, plain and simple.

The United States seems to argue that the DEA has jurisdiction based upon three contentions. First, the action filed by the plaintiff in state court was *in personam* and not in rem. Second, the order of the Montgomery County Circuit Judge was in effect a general order of forfeiture and that it relinquished jurisdiction to anyone who had the res. And finally, that the plaintiff failed to avail himself to the DEA forfeiture process. The United States has supported none of its contentions with case law. However out of an abundance of caution they will be addressed in turn.

It does not matter that the United States views the plaintiff's action filed in state court, prior to the illegal transfer of the res from the Montgomery Police Department to the DEA, as an in personam action. "Whether the state court had *in rem* or *quasi in rem* jurisdiction over the money is a matter of state law." See [Northern Cheyenne Tribe v. Adsit, 721 F.2d 1187, 1188 (9th Cir.1983)](). The law is clear in Alabama (as pointed out in Plaintiffs Response to Defendant's Motion to Dismiss, Doc. #11, page 8) that Alabama Courts define a *quasi in rem* action as "an action against a person in respect of a res…" Exparte Bruner 749 So.2d 437,440 (Ala. 1999). Furthermore, Alabama courts only require notice pleadings to institute a civil action. The action filed in state court was against the people responsible for the taking and conversion of the plaintiff's property.

3

Those defendants were named in the complaint "in respect of the res". The action filed by the plaintiffs is a *quasi in rem* action thus the bar in <u>Penn General</u> still applies. .

The United States references the December 13, 2006 order of the Hon. Judge Eugene Reese, Circuit Judge of Montgomery County, Alabama, as an order relinquishing jurisdiction and/or an order authorizing anyone to commence forfeiture proceedings. This simply is wishful thinking on the part of the United States. The language of the order says nothing about relinquishing jurisdiction or transferring jurisdiction for that matter. Judge Reese ordered the *defendants* in that matter to "file a condemnation or forfeiture action within 30 days or return the plaintiff's money." The defendants were the individuals named in the state court complaint. The United States is attempting to construe Judge Reese's order to the defendants in the state case as a general order that the forfeiture be filed by presumably anyone-anywhere. It is well established that a judge can only order those parties to act who have a case and controversy in front of him or her. Judge Reese's order was referring to the parties who were named in the complaint and standing in front of him when he issued the order. The DEA was not a party to that action, nor was the DEA standing before the judge, thus his order could not be meant to include the DEA. Moreover, if the United States wishes to infer that the DEA's administrative forfeiture commenced in October of 2006 was understood to be the forfeiture Judge Reese was referring, nothing could be more wrong. The DEA began its illegal forfeiture action some three months before Judge Reese issued his December 13, 2006 order. It makes no sense for Judge Reese to order the City of Montgomery, et al. to file a forfeiture when one was already underway. His order presumes that he did not recognize the DEA's administrative forfeiture proceeding as legitimate.

Finally, failing to contest the federal forfeiture process while the action was pending in state court did not convey jurisdiction with the DEA. See *U.S. v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989) "We have found no authority indicating that a failure on the part of the state court to protest the federal proceeding, or by the state to prosecute, allows the district court to assume jurisdiction." The fact is the plaintiff did contest the DEA's forfeiture process by informing it that it had no jurisdiction. See Exhibit D. The DEA simply dismissed the plaintiff's letter and proceeded with the process anyway.

It is not the plaintiff who is attempting to circumvent a "valid forfeiture" as averred by the United States. It is the United States attempting to circumvent the law of jurisdiction to keep its unlawfully acquired spoils. The forfeiture by the DEA is invalid and void as a matter of law. It is the Drug Enforcement Administration and the City of Montgomery via the Montgomery Police Department who are attempting to circumvent Alabama law and Alabama courts with an illegal transfer of the res between the two executive agencies not authorized by Alabama law. State law mandates that property seized by law enforcement officers remains in their custody subject only to the orders of the court. See Ala. Code § 20-2-93(d).[1] See also U.S. v. $25,000 in U.S. Currency 2003 WL 22159054, 4-5, (N.D. Cal.). If the United States believed it had a superior claim to the res, then the United States should have intervened by motion in state court as state law instructs, and sought a turnover order from Judge Reese. See Alabama Code 1975 §

---

[1] "Property seized under this section … is deemed to be in the custody of the municipal, county, or state law enforcement agency subject only to the orders of the court having jurisdiction over the forfeiture proceedings."

5

28-4-286.[2]   See also *United States v. $79, 123.49* 830 F.2d 94, 95-99 (7th Cir. 1987), *U.S. v. $506,231* 125 F.3d 442,  (7th Cir. 1997), *United States v. One 1979 Chevrolet C-20 Van,* 924 F.2d 120 (7th Cir.1991), U.S. v. $25,000 in U.S. Currency 2003 WL 22159054 (N.D. Cal.).   "Possession obtained through an invalid seizure neither strips the first court of jurisdiction nor vests it in the second."   See  *United States v. $79, 123.49* 830 F.2d 94, 95-99 (7th Cir. 1987) quoting *Taylor v. Carryl,* 61 U.S. (20 How.) 583, 599-600, (1857). The plaintiff did not forego an "adequate remedy at law".  There can be no legitimate remedy within an illegitimate process.

   It would be a travesty if the court would sanction the DEA "muscling in" on property in the custody of the state court and/or allowing the Montgomery Police Department to illegally transfer property, in which they have no ownership interest or statutory authorization, to another sovereign.  By allowing such, the Court would be carving out an exception in the law for the United States.

The plaintiff is not wrong that the DEA has no valid jurisdiction in this case.   If the plaintiff is wrong that the DEA could not exercise valid jurisdiction, because the res was already under the *in rem* or *quasi in rem* jurisdiction of another court, then the 5th Circuit Court of Appeals is wrong in *Scarabin v. DEA* 966 F.2d 989, (5th Cir. 1992), the Seventh Circuit Court of Appeals is wrong in *United States v. $79, 123.49* 830 F.2d 94, 95-99 (7th Cir. 1987), *U.S. v. One 179 Chevrolet C-20 Van* 924 F.2d 120 (7th Cir. 1991), and *U.S. v. $506,231 125* F.3d 442 (7th Cir. 1997), the Ninth Circuit Court of Appeals is wrong in *U.S. v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989) "(rule of long standing prohibits a court, whether state or federal, from assuming in rem

---

[2] "No replevin or detinue writ may be employed to retake possession of such seized property pending the forfeiture action, but any party claiming a superior right may intervene by motion in said action and have his claim adjudicated."

6

jurisdiction over a res that is already under the *in rem* jurisdiction of another court."

"**The matter is not within the discretion of the federal court: a federal court *must* yield to a prior state proceeding**." *Id.* (emphasis in original)" and the United States District Court Northern District of California is wrong in <u>In re Approxamately 28 Grams of Marijuana</u> 278 F.Supp 1097 (N.D. Cal. 2003), <u>U.S. v. $25,000 in U.S. Currency</u> 2003 WL 22159054. Because the same issue before those courts is the same issue presented before this court, this court should follow the rationale of the aforementioned courts in the aforementioned cases and make the same conclusion-that is holding the DEA order of forfeiture invalid.

If this court cannot hear a question of law relating to a federal agency jurisdiction, then who can? The court should not find the DEA forfeiture valid merely because the DEA has adjudicated the plaintiff's money forfeit. The process of the DEA does not confer lawful jurisdiction and the perceived failure to contest the process under a procedure that doesn't address the issue at hand does not confer jurisdiction either.

                Respectfully Submitted,

                <u>/s/ Joe M. Reed</u>
                Joe M. Reed
                Attorney for Plaintiffs

Address of Counsel:
Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000 tel
334.834.2088 fax

**Certificate of Service**

I hereby certify that the foregoing was served on the Honorable Tommie Hardwick, Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101 by electronic notification this 2nd day of May, 2008.

                                                      ___/s/ Joe M. Reed___
                                                      Joe M. Reed

ELECTRONICALLY FILED
4/25/2007 4:22 PM
CV-2006-002215.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY, COUNTY ALABAMA

JACQUARD MERRITT, )
            )
   Plaintiff, ) CV-06-2215
            )
CITY OF MONTGOMERY, et al., )
et al., )
            )
   Defendants. )

**EXHIBIT B**

### AFFIDAVIT OF KAREN A. CHAVERS

STATE OF ALABAMA )

COUNTY OF MONTGOMERY )

Before me, a Notary Public in and for said State and County, personally appeared **Karen A. Chavers** and, after first being duly sworn by me, did depose and state as follows:

My name is Karen A. Chavers and I am over nineteen (19) years of age. I am currently employed as a Seizure and Forfeiture Specialist for the United States Marshals Service for the Middle District of Alabama.

The $8000.00 seized by the DEA in reference to, Case Number KI-06-0058, was taken into custody by the U.S. Marshals Service on September 6, 2006. My review of the record of the status inquiry for Case No. KI-06-0058 reflects that on September 20, 2006, Joe Reed, Esq. was sent notification of the pending forfeiture by certified mail and the return receipt date was 9/29/06 with a claim deadline date of 10/25/06. Additionally, the record indicates that a response to the claim was filed on 10/30/06 and subsequently denied as untimely.

The funds were forfeited on January 30, 2007 and were deposited to the Asset Forfeiture Fund on January 30, 2007. Equitable Sharing has not been completed in this case, as it is still pending the sharing decision at DEA headquarters.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

*Karen A. Chavers*
Karen A. Chavers

SWORN to and SUBSCRIBED before me this the 25th day of April, 2007.,

*Vicky M. Hu___*
Notary Public

My commission expires 10/16/09

EWR

IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA
15TH JUDICIAL CIRCUIT

Jacquard Merritt           *

    Plaintiff,          *

VS.                        *     CV-06-2215
                           *

City of Montgomery, et al.,   *

    DEFENDANTS.         *

2006 NOV -8 PM 1:16 FILED CIRCUIT COURT OF MONTGOMERY COUNTY

## AMENDED COMPLAINT AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and moves this Honorable Court for declaratory and injunctive relief and an Order releasing and returning to him certain personal property belonging to him unlawfully seized by the Montgomery, Alabama Police Department which is currently being held by the United States of America or its agent, the Drug Enforcement Administration, to wit: Eight Thousand Dollars ($8,000) in lawful United States currency. As grounds Plaintiff shows the Court the following:

### JURISDICTION

Jurisdiction is conferred via 42 U.S.C.A. §1983

EXHIBIT G1

### PARTIES

City of Montgomery is a municipality created and recognized by the legislature of the State of Alabama. Plaintiff avers that the City of Montgomery

12/15/06 DEFENDANT ORDERED TO RETURN MONEY TO PETITIONER WITHIN 30 DAYS, UNLESS CONDEMNATION OR FORFEITURE PROCEEDINGS ARE FILED. CASE DISMISSED. EWR

cc: Joe Reed



# Faulk & Reed LLP

Winn Faulk
Joe M. Reed

ATTORNEYS AT LAW
524 South Union Street
Montgomery, Alabama 36104
Telephone: (334) 834-2000
Facsimile: (334) 834-2088

October 25, 2006

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQ's Forfeiture Response
P.O. Box 1475
Quantico, VA 22134-1475

RE: Asset ID#'s 06-DEA-471966

To Whom It May Concern:

Enclosed you will find documentation claiming certain property held by the United States Department of Justice, Drug Enforcement Administration under asset ID# 06-DEA-471966. This communiqué is the claim pursuant to 18 U.S.C. 983, to contest the impending forfeiture action as well as request remission of the forfeiture.

There is currently an action already pending regarding the seized funds in the Circuit Court of Montgomery County which has jurisdiction of the matter given the fact that the parties who initially seized the funds currently held by the DEA were police officers employed by the city of Montgomery, Alabama. No drug charges of any sort were filed against the claimant prior to or since the seizure of his cash. Such action was filed on August 21, 2006, a copy of which is included.

Moreover, the funds are not subject to forfeiture under Title 21 U.S.C. 881 because the money was not used or acquired as a result of a violation of the Controlled Substances Act (21 U.S.C. 881) as the defendant was not arrested for a violation of the Controlled Substances Act, or an attempt to violate the act, or a conspiracy to violate the act in connection with the seized funds by any state, local or federal agency. Therefore, the claimant is requesting remission of the seized funds and demands its immediate return.

Sincerely,

Joe M. Reed
Attorney for Claimant Jacquard Merritt
Enclosure



EXHIBIT D

2006 OCT 31 PM 3:35 RECEIVED ASSET FORFEITURE SECTION